204 N.J. Super. 508 (1985)
499 A.2d 523
BOARD OF EDUCATION OF THE BOROUGH OF MERCHANTVILLE, PETITIONER-APPELLANT,
v.
BOARD OF EDUCATION OF THE TOWNSHIP OF PENNSAUKEN AND THE BOARD OF EDUCATION OF THE TOWNSHIP OF HADDON, CAMDEN COUNTY, RESPONDENTS-RESPONDENTS.
Superior Court of New Jersey, Appellate Division.
Argued September 9, 1985.
Decided September 30, 1985.
*510 Before Judges J.H. COLEMAN and HAVEY.
Paul Mainardi argued the cause for appellant (Brown, Connery, Kulp, Wille, Purnell & Greene, attorneys; Mr. Mainardi on the brief).
James F. Maloney argued the cause for respondent Board of Education of the Township of Pennsauken (James F. Maloney & Associates, attorneys; Mr. Maloney on the brief).
Gale P. Simon, Deputy Attorney General, argued the cause for New Jersey State Board of Education (Irwin I. Kimmelman, Attorney General of the State of New Jersey, attorney; James J. Cianca, Assistant Attorney General, of counsel; Ms. Simon on the brief).
The opinion of the court was delivered by HAVEY, J.A.D.
Petitioner, Board of Education of the Borough of Merchantville, appeals from a determination of the State Board of Education which dismissed Merchantville's petition to withdraw from a sending-receiving relationship with respondent Board of Education of Pennsauken. Merchantville's petition to withdraw was triggered by the expiration of a ten-year sending-receiving agreement between Merchantville and Pennsauken entered into *511 pursuant to N.J.S.A. 18A:38-20. The Commissioner of Education dismissed the petition, concluding that notwithstanding expiration of the agreement, the Commissioner's continuing supervisory power over sending-receiving relationships provided for under N.J.S.A. 18A:38-13, required Merchantville to demonstrate good and sufficient reason to terminate the relationship. The Commissioner concluded that no such reasons were demonstrated. The State Board affirmed.
Merchantville's principal contention on appeal is that its sending-receiving relationship with Pennsauken automatically terminated at the expiration of the ten-year agreement, and therefore no approval from the Commissioner was needed to withdraw. Alternatively, it argues that under N.J.S.A. 18A:38-21, it could terminate its relationship with Pennsauken upon expiration of the contract if it could demonstrate that Pennsauken would not be seriously affected educationally or financially by its withdrawal, and that therefore the Commissioner erroneously applied the "good and sufficient reason" standard under N.J.S.A. 18A:38-13.
We affirm. We hold that N.J.S.A. 18A:38-20, which permits school districts to enter into agreements creating sending-receiving relationships for a fixed term, is not intended to abrogate the Commissioner's continuing supervisory powers under N.J.S.A. 18A:38-13 over sending-receiving relationships.
The essential facts as set forth in the reconstructed record before the State Board are not in dispute. On December 14, 1971, Merchantville and Pennsauken entered into a written sending-receiving agreement whereby Merchantville agreed to send and Pennsauken agreed to accept Merchantville's resident pupils in grades nine through twelve. The term of the agreement was fixed at ten years commencing September 1, 1972, the maximum term permitted under N.J.S.A. 18A:38-20. Prior to June 30, 1982, the expiration date of the agreement, Merchantville determined to permit parents of pupils beginning ninth grade starting September 1, 1983, to elect to send their *512 children to either Pennsauken or the neighboring school district of Haddon Township. Pennsauken refused to accept Merchantville's proposed scheme. Merchantville thereupon petitioned the Commissioner seeking a declaration that the sending-receiving agreement had expired by its own terms. This appeal follows the State Board's affirmance of the Commissioner's dismissal of the petition.
N.J.S.A. 18A:38-11 provides that a board of education in a district lacking high school facilities shall designate a high school outside its district for attendance by its high school students. N.J.S.A. 18A:38-13 provides, in pertinent part, that no such designation "shall be changed or withdrawn ... except for good and sufficient reason upon application made to and approved by the Commissioner[.]" N.J.S.A. 18A:38-20 authorizes sending and receiving districts to enter into fixed-term agreements not to exceed ten years when the receiving district "... finds it necessary to provide additional facilities for the furnishing of education to [the sending district's] pupils...." N.J.S.A. 18A:38-21 permits either the sending or receiving district to apply to the Commissioner for "consent to terminate the [fixed-term agreement]." A sending district may seek termination of the agreement on the ground that the receiving district:
... is not providing school facilities and an educational program suitable to the needs of the pupils of the sending district or that the board of education of the receiving district will not be seriously affected educationally or financially by their withdrawal.
While we are in no way bound by the State Board's interpretation of the statute, see Mayflower Securities v. Bureau of Securities, 64 N.J. 85, 93 (1973), its interpretation as the agency responsible for enforcing the statute should be accorded considerable weight. See Service Armament Co. v. Hyland, 70 N.J. 550, 561 (1976). We completely agree with the State Board that the parties' sending-receiving relationship continues subject to the Commissioner's supervisory power under N.J.S.A. 18A:38-13, notwithstanding the expiration of *513 their fixed-term agreement. The flaw in Merchantville's argument is that it is predicated upon contract principles. It ignores the Commissioner's "fundamental and indispensable jurisdiction over all disputes and controversies arising under the school laws", Hinfey v. Matawan Regional Board of Education, 77 N.J. 514, 525 (1978), his continuous supervisory powers over all schools of the State receiving State aid, N.J.S.A. 18A:4-23, and his authority to "inquire into and ascertain the thoroughness and efficiency of operation of any of the schools of the public school system of the State...." N.J.S.A. 18A:4-24. Reading N.J.S.A. 18A:38-13 in the context of the Commissioner's expansive powers satisfies us that it was intended to provide the Commissioner with continuous supervisory powers over all sending-receiving relationships, whether created by fixed-term contracts or not, to provide stability to such relationships by permitting their dissolution only for good and sufficient reason.
The antecedent of N.J.S.A. 18A:38-13 was already in force before the Legislature adopted L. 1953, c. 273  now N.J.S.A. 18A:38-20, et seq. The consequences of the 1953 enactment on the Commissioner's general supervisory powers over sending-receiving relationships was directly addressed by our Supreme Court in Jenkins, et al. v. Tp. of Morris School Dist. and Bd. of Ed., 58 N.J. 483 (1971). The court stated:
Apparently the 1953 enactment was intended to give additional assurance to the receiving district furnishing additional facilities that it would not be endangered during the ten-year contract period. But the enactment was not in anywise intended to repeal nor did it have the effect of repealing the pre-existing statutes such as that now embodied in N.J.S.A. 18A:38-13. Thus when the 1962 contract expires or is terminated in accordance with its terms, the Township's prior designation of Morristown High School continues in full effect until it is changed or withdrawn in strict accordance with N.J.S.A. 18A:38-13. [at 502; emphasis supplied].
We find the court's reconciliation of the provisions persuasive and, of course, are bound by it. Accordingly, we agree with the State Board that withdrawal by Merchantville from its sending-receiving relationship is subject to the approval procedure provided for under N.J.S.A. 18A:38-13.
*514 We also reject Merchantville's alternative argument that the standard to be applied for termination of the relationship is that found in N.J.S.A. 18A:38-21 and not N.J.S.A. 18A:38-13. The thrust of its argument is that since the parties had entered into an agreement under N.J.S.A. 18A:38-20, the standards for withdrawal under N.J.S.A. 18A:38-21 apply, whether the agreement has expired or not. Clearly, by permitting a board of education "which shall have entered into such an agreement" to apply to the Commissioner "for consent to terminate the same" [emphasis supplied], N.J.S.A. 18A:38-21 was intended to apply to termination of the agreement during its term, and not after its expiration. The order of the State Board is affirmed.