SHIRLEY K. LICHTMAN, APPELLANT, v. BOARD OF
EDUCATION OF THE VILLAGE OF RIDGEWOOD,
BERGEN COUNTY, RESPONDENT.

Argued January 24, 1983—Decided June 20, 1983.

*Peter N. Perretti, Jr.,* argued the cause for appellant (*Riker, Danzig, Scherer & Hyland,* attorneys; *Mark A. Baber,* on the briefs).

*Rodney T. Hara* argued the cause for respondent (*Aron, Till & Salsberg,* attorneys; *Rodney T. Hara* and *David A. Wallace,* of counsel and on the briefs).

*Alfred E. Ramey, Jr.,* Deputy Attorney General, argued the cause for respondent State Board of Education (*Irwin I. Kimmelman,* Attorney General of New Jersey, attorney; *James J. Ciancia,* Assistant Attorney General, of counsel; *Regina Murray Mahoney,* Deputy Attorney General, on the brief).

*David W. Carroll,* General Counsel, submitted a brief on behalf of *amicus curiae* New Jersey School Boards Association (*David W. Carroll,* attorney; *Russell Weiss,* on the brief).

The opinion of the Court was delivered by

HANDLER, J.

This case requires the Court to determine whether the seniority acquired by a tenured teacher employed as a part-time librarian entitles her to preference over a non-tenured teacher for appointment as a full-time librarian. Last term in *Spiewak v. Rutherford Bd. of Ed.,* 90 *N.J.* 63 (1982), this Court decided that teachers occupying part-time positions could acquire tenure. The Court did not, however, explicitly resolve the possible differences between the legal concepts of tenure and seniority as they might affect the benefits and retroactive rights of teachers occupying part-time positions. *Id.* at 84. The Court must now decide whether the tenure and seniority statutes recognize varieties of seniority rights for teaching staff members holding positions with different time requirements.

■ We now hold that a tenured part-time teaching staff member with proper certification can claim, as against a non-tenured applicant, seniority rights in seeking appointment to a full-time position that is within the specific categories covered by the certification and that has responsibilities identical to those of the part-time position in which employment was actually held. Accordingly, we reverse the determination of respondent refusing to hire appellant as a full-time school librarian.

## I

Appellant Shirley Lichtman was employed as a part-time librarian serving three days a week by the Ridgewood Board of Education from the beginning of the 1965–66 academic year through the end of the 1975–76 academic year.[1] Throughout her employment, appellant held a valid certificate as a "teacher librarian," which qualified her for both full-time and part-time positions.[2] Appellant's duties as a part-time librarian were identical to those of a full-time librarian.

In April 1976 the Superintendent of Schools of the Village of Ridgewood informed appellant that her position as a part-time librarian was being eliminated for the following school year. The superintendent recognized that appellant had tenure but limited such tenure to any "⅗ time" position. Nevertheless, appellant applied for a full-time librarian position that was then

---

[1]During the second half of the 1968–69 academic year appellant served as school librarian five days a week and was paid five-thirds of the salary which she earned during the first half of the year while working three days a week, or the equivalent of a full-time employee. Appellant claims she held "full-time" employment while the Board maintains that her "full-time" status was temporary since she was merely substituting for the regular full-time librarian who was on sabbatical. From the beginning of the 1979–80 academic year through October 10, 1980, she served as a full-time librarian.

[2]Appellant was certified as a teacher librarian under *N.J.A.C.* 6:11–12.5 and –12.6. Although those sections have been repealed, her position is now incorporated in *N.J.A.C.* 6:11–12.21 to –12.23, which describes the certification as an "educational media specialist."

open. She also requested the Board to review her employment status and seniority rights in light of her application. Upon review, the Board determined that appellant held no seniority rights for a full-time position. Accordingly, in July 1976 the Board rejected appellant's application and hired, instead, a non-tenured applicant for the full-time librarian position.

Appellant appealed to the Commissioner of Education claiming that the Board improperly determined her seniority rights. She also claimed that the Board's failure to hire her violated *N.J.S.A.* 18A:28–12.[3] A hearing examiner appointed by the Commissioner of Education conducted a hearing in April 1977. More than two years later, in May 1979, the examiner recommended that appellant be reinstated as a full-time librarian with back pay and other benefits. He ruled that an employee's seniority should be determined solely on the basis of category of certification and without regard to "full-time" or "part-time" employment. In June 1980 the Commissioner adopted the examiner's report and ordered appellant reinstated. 1980 *S.L.D.* 573 (Comm'r 1980). The local school board appealed to the State Board of Education, which reversed the Commissioner's decision. 1980 *S.L.D.* 585 (St.Bd.1980). We granted the petition for certification, 91 *N.J.* 538 (1982), following the affirmance of the State Board's decision by the Appellate Division.

---

[3]*N.J.S.A.* 18A:28–12 provides:

  If any teaching staff member shall be dismissed as a result of such reduction, such person shall be and remain upon a preferred eligible list in the order of seniority for reemployment whenever a vacancy occurs in a position for which such person shall be qualified and he shall be reemployed by the body causing dismissal, if and when such vacancy occurs and in determining seniority, and in computing length of service for reemployment, full recognition shall be given to previous years of service, and the time of service by any such person in or with the military or naval forces of the United States or of this state, subsequent to September 1, 1940 shall be credited to him as though he had been regularly employed in such a position within the district during the time of such military or naval service.

## II

The determination of seniority rights in this case is governed by *N.J.A.C.* 6:3–1.10(b), which provides in pertinent part:

> Seniority . . . shall be determined according to the *number* of academic or calendar years of employment, *or fraction thereof,* . . . in *specific categories* as hereinafter provided. [Emphasis added.]

Under this regulation seniority can be accumulated only within the specific categories of certification provided in the regulations. *See N.J.A.C.* 6:3–1.10(k). The regulations do not establish categories in terms of part-time or full-time employment. In this case appellant was certified in the category of "teacher-librarian." *See N.J.A.C.* 6:3–1.10(k)(30) (establishing additional categories under specific certificates). Her seniority therefore depends upon the amount of service accumulated under the particular category of her certification, namely, teacher librarian.

The regulations do not directly indicate how part-time employment should be treated in calculating seniority. In this case, the Commissioner of Education, adopting the reasoning of the hearing examiner, concluded that part-time service affects only the arithmetic computation of seniority; it serves to quantify, not qualify, seniority. The hearing examiner determined that *N.J.A.C.* 6:3–1.10(b) "must be construed by using 'academic years' or 'calendar years' as a common denominator when the total accumulated seniority of tenured teaching staff members' employment service is being determined within particular classification categories [regardless of] whether [the] service in any category of certification is either full-time or less than full-time." *Lichtman, supra,* 1980 *S.L.D.* at 581. The Commissioner ruled that once tenured, appellant was entitled to claim the benefit of seniority accumulated in her part-time position when applying for a full-time position in the same specific category of certification.

The State Board of Education reversed the Commissioner's determination. The State Board relied upon two of its own decisions issued after the date of the Commissioner's decision,

*Aslanian v. Board of Ed. of Fort Lee,* 1980 *S.L.D.* 1475 (St.Bd. 1980), aff'd App.Div. Docket No. A–4745–79T1 (March 27, 1981 unreported) and *Zubkoff v. Madison Bd. of Ed.,* (St.Bd.1980), aff'd App.Div. Docket No. A–4506–79 (March 27, 1981 unreported). The decisions in *Aslanian* and *Zubkoff* reversed decisions by the Commissioner of Education. In *Aslanian,* the appellant was certified as a teacher of art, although her actual work experience was as a part-time teacher of testing. Her duties as a teacher of testing were fundamentally different from those of a teacher of art, which position she sought and for which she claimed seniority rights based on her prior service under a teacher of art certificate. The State Board of Education ruled that for "purposes of tenure and seniority rights at least, full-time teaching staff members are in a different class from part-time teachers." *Aslanian, supra,* 1980 *S.L.D.* at 1476. The State Board reasoned that neither *N.J.S.A.* 18A:28–13, which directs the Commissioner to classify categories in which seniority obtains, nor *N.J.A.C.* 6:3–1.10 makes any reference to seniority for part-time teaching staff members. Furthermore, relying in part on the now overruled case of *Point Pleasant Beach Teachers Ass'n v. Callam,* 173 *N.J.Super.* 11 (App.Div.), certif. den., 84 *N.J.* 469 (1980), *see Spiewak v. Rutherford Bd. of Ed., supra,* 90 *N.J.* at 81, and the differences in the nature of the job duties between full-time and part-time positions, the State Board "believe[d] that the Legislature did not intend part-time staff members to have the same status or be in the same category with full-time personnel so as to allow the former to obtain seniority over the latter." *Aslanian, supra,* 1980 *S.L.D.* at 1475.

We find this reasoning unpersuasive. The regulations governing the award and calculation of seniority do not evince any legislative intent to distinguish between full-time and part-time positions. Furthermore, in applying its *Aslanian* decision to this case, we think the State Board of Education failed to discern that in *Aslanian* the critical differences between the respective teaching positions were primarily attributable to the different

duties entailed in each position and not to the full-time/part-time distinction as such.

■ We agree with the Commissioner that the language and import of *N.J.A.C.* 6:3–1.10(b) are to be understood as allowing a *pro rata* calculation of seniority based upon the total accumulated service in a specific category. In this way, actual service can be duly recognized and relevant experience and seniority of all tenured employees within a single category can be readily ascertained and compared.[4] Indeed, regulations recently adopted by the Commissioner of Education to replace *N.J.A.C.* 6:3–1.-10, *see* 15 *N.J.R.* 464 (adopted June 1, 1983), clarify this basic policy by emphasizing that actual experience in particular positions should be the critical determinant in awarding seniority.[5]

---

[4]We note the conceptual differences between "tenure" and "seniority." In *Spiewak v. Rutherford Bd. of Ed.*, 90 *N.J.* 63 (1982), we held that remedial and supplemental teachers who had served part-time could acquire tenure. We observed that tenure is statutorily defined and all "teaching staff members" who fulfilled the conditions of *N.J.S.A.* 18A:28–5 were eligible for tenure. Tenure as such can attach to each individual based on distinctions in particular jobs (*e.g.*, full-time and remedial teachers). Seniority, on the other hand, provides a mechanism for ranking all tenured teaching staff members so that reductions in force and reemployment can be effected in an equitable fashion and in accord with sound educational policies. *See N.J.S.A.* 18A:28–10 to –12. *N.J.A.C.* 6:3–1.10, promulgated pursuant to *N.J.S.A.* 18A:28–13, sets standards for determining seniority. *N.J.A.C.* 6:3–1.10(b) establishes the means of calculating seniority. It makes distinctions between jobs for seniority purposes only on the basis of explicit categories and without reference to any other distinctions such as part-time or full-time employment.

[5]*N.J.A.C.* 6:3–1.10(1)(15) now provides in pertinent part:

15. ... Any person holding an instructional certificate with subject area endorsements shall have seniority within the secondary category only in such subject area endorsement(s) under which he or she has actually served.... Any person employed at the secondary level in a position requiring an educational services certificate or a special subject field endorsement shall acquire seniority only in the secondary category and only for the period of actual service under such certificate or endorsement.

*N.J.A.C.* 6:3–1.10(1)(16) now provides in pertinent part:

We recognize that this is a field properly committed to the expertise of the Commissioner and Department of Education. In this case some confusion has arisen in the administrative application of the regulatory standards governing the seniority rights of teachers. We think that our decision today reflects a correct understanding of the law and policies applicable to this controversy and does not in any way interfere or conflict with the essential jurisdiction and discretion of the responsible administrative agencies. We further acknowledge that this subject matter is most appropriately addressed by the constructive rule-making authority of the responsible agencies.

In this case, appellant's seniority accrues from her actual service in the particular position for which she is certified. This was "teacher librarian." Furthermore, the nature and duties of the five-day-a-week position that she sought were identical to those of her three-day-a-week position which had been eliminated. As a tenured employee, appellant accumulated seniority rights by virtue of her employment in the position for which she was certified. The service and experience she compiled in this position—her seniority—properly entitled her to a preference over a non-tenured applicant. The local Board and the State Board clearly erred in failing to consider appellant's seniority and to grant her the employment for which she applied. The Commissioner's determination was correct.

Accordingly, the judgment of the Appellate Division is reversed.

*For reversal*—Chief Justice WILENTZ and Justices CLIFFORD, SCHREIBER, HANDLER, POLLOCK and O'HERN—6.

*For affirmance*—None.

---

16. ... Any person employed at the elementary level in a position requiring an educational services certificate or a special subject field endorsement shall acquire seniority only in the elementary category and only for the period of actual service under such certificate or endorsement.