218 N.J. Super. 510 (1987)
528 A.2d 73
PHILIP CAPODILUPO, PETITIONER-RESPONDENT,
v.
BOARD OF EDUCATION OF THE TOWNSHIP OF WEST ORANGE, ESSEX COUNTY, RESPONDENT-APPELLANT, AND MARGARET SAVAGE AND PATTI VAN CAUWENBERGE, INTERVENORS-RESPONDENTS.
Superior Court of New Jersey, Appellate Division.
Argued May 12, 1987.
Decided July 2, 1987.
*511 Before Judges PRESSLER, BAIME and ASHBEY.
Stephen J. Christiano argued the cause for appellant (Samuel A. Christiano, attorney; Stephen J. Christiano, on the brief).
*512 Richard A. Friedman argued the cause for petitioner-respondent (Ruhlman, Butrym & Friedman, attorneys; Richard A. Friedman, on the brief).
Alfred F. Maurice argued the cause for intervenor-respondent, Savage.
Ellis I. Medoway, Deputy Attorney General, argued the cause for the State Board of Education (W. Cary Edwards, Attorney General, attorney; James J. Ciancia, Assistant Attorney General, of counsel and Ellis I. Medoway, on the brief).
Susan E. Galante argued the cause amicus curiae for New Jersey School Boards Association (Russell Weiss, Jr., General Counsel; Susan E. Galante, on the brief).
The opinion of the court was delivered by ASHBEY, J.A.D.
On February 27, 1984, petitioner Philip Capodilupo's future employment as secondary school physical education teacher for the 1984-1985 school year was terminated by the Board of Education of the Township of West Orange (Board) pursuant to a reduction in force of its teaching staff (RIF). See N.J.S.A. 18A:28-9 et seq. He appealed to the Commissioner of Education (Commissioner), contending that he should have been offered one of two elementary physical education teaching positions held by two non-tenured employees who were retained despite the RIF.[1] The matter was heard by an administrative law judge (ALJ). On March 19, 1985, the ALJ found that petitioner was entitled to reinstatement to either disputed elementary physical education teaching position. Specifically, the ALJ recommended Capodilupo's reinstatement to the position of Kevin Reilly, who had not intervened before the Commissioner. He also found him entitled to replace Margaret Savage, who *513 had intervened. The Commissioner rejected these recommended decisions of the ALJ in their entirety, upholding the Board's retention of both Reilly and Savage. The State Board of Education (State Board) reversed the determination of the Commissioner and the Board concerning Capodilupo's entitlement to Reilly's position and sustained the Commissioner and the Board concerning the Board's decision to retain Savage. The Board appeals from the State Board's ruling that Capodilupo was entitled to Reilly's position. We affirm.[2]
Capodilupo had been employed by the Board for five consecutive school years teaching secondary school physical education classes. He held the required State-issued teaching certificate endorsed in both elementary and secondary physical education and had acquired tenure.[3] He had never taught elementary physical education. Thus, he was a tenured teacher seeking reinstatement to a position for which he was certified, but in which he had acquired no demonstrable experience. Both of the candidates whom he sought to replace had experience in the elementary school position and were certified, but had not acquired tenure. Capodilupo claimed these facts gave him seniority over the selected candidates within the meaning of the education law. In the alternative, he urged that, where no candidate has seniority but one has tenure, tenure must prevail. See Lichtman v. Ridgewood Bd. of Ed., 93 N.J. 362 (1983); Spiewak v. Rutherford Bd. of Ed., 90 N.J. 63 (1982).[4]
We first address Capodilupo's claim to seniority. N.J.A.C. 6:3-1.10(b) states that "[s]eniority ... shall be determined according *514 to the number of academic or calendar years of employment ... in specific categories ..." Both the Commissioner and the State Board agreed that Capodilupo possessed no seniority rights concerning the elementary school position because elementary physical education teaching and secondary physical education teaching are separate seniority categories, see N.J.A.C. 6:3-1.10(1)(15)(iii). The Board contends that this conclusion ends the inquiry under N.J.S.A. 18A:28-9 et seq., which mandates that RIFFED teachers be dismissed and rehired in order of "seniority" as determined under the regulations. The Commissioner agreed, concluding that Capodilupo's lack of seniority as an elementary teacher precluded his claim for reinstatement to that position and equating Capodilupo's tenure claim with his lack of seniority.
In reversing the Commissioner, the State Board first reasoned that Capodilupo had tenure in all positions for which his instructional certificate qualified him, including elementary physical education, even though he did not have seniority in that category. Perceiving a gap in the RIF legislation from the use of the word "seniority" and the absence of reference to "tenure," the State Board relied upon its quasi-legislative responsibility to balance "the protection afforded tenured teaching staff members by N.J.S.A. 18A:28-5 and the authority granted to district boards of education by N.J.S.A. 18A:28-9." It ruled that district boards are obliged to take into consideration the tenure rights of individuals affected by a RIF.[5]
In support of this conclusion, the State Board noted that seniority provides a mechanism for ranking all tenured teaching staff members so that reductions among the tenured force can be effected in an equitable fashion and in accord with sound educational policies. See Lichtman v. Ridgewood Bd. of Ed., supra, 93 N.J. at 368. A tenured teacher, however, is entitled *515 to retention as against a non-tenured teacher under the tenure law. To hold otherwise would be to defeat the purpose of tenure which was to give a measure of security to teachers after the prescribed number of years of service. See Viemeister v. Bd. of Education of Prospect Park, 5 N.J. Super. 215, 218 (App.Div. 1949).
We agree. While it is well-established that the right to tenure is statutory, Spiewak v. Rutherford Bd. of Ed., supra, 90 N.J. at 72; N.J.S.A. 18A:28-1 to -15, "the Tenure Act should be liberally construed to achieve its beneficent ends." Spiewak v. Rutherford Bd. of Ed., supra, 90 N.J. at 74. The Board's reliance upon Lichtman v. Ridgewood Bd. of Ed., supra, 93 N.J. at 364 to support its contention that tenure has no relevance in a RIF is misplaced. Moreover, although the jurisdiction of the Commissioner encompasses questions regarding tenure rights under N.J.S.A. 18A:28-5, Bd. of Ed., City of Newark, Essex Cty. v. Levitt, 197 N.J. Super. 239, 246 (App.Div. 1984), the ultimate administrative decision-maker in reviewing law concerning school matters is the State Board, whose final decision will not be upset unless unreasonable, unsupported by the record or violative of the legislative will. Dore v. Bedminster Twp. Bd. of Ed., 185 N.J. Super. 447, 453 (App.Div. 1982).
Our review of the record satisfies us that the State Board was within its delegated authority when it ruled that a tenured teacher seeking reinstatement within the endorsements on his or her certificate is entitled to preference in a RIF as against a non-tenured applicant with the same certification. We further reject the contention that the State Board was "rulemaking," in violation of the standards of Metromedia, Inc. v. Director, Div. of Taxation, 97 N.J. 313, 331-32 (1984), when it liberally construed the Tenure Act according to these well established principles.
We recognize that, in upholding the Board's decision to retain Savage, the State Board also made a finding that the Board's obligation to consider tenure in a RIF could be balanced by *516 "sound educationally based reasons for its decision to retain a non-tenured teacher." Savage's retention, however, is not the subject of a cross-appeal and the Board advanced no "educationally based reasons" to retain Reilly, beyond his experience as an elementary teacher. Accordingly, we find it both unnecessary and inappropriate to address the merits of this portion of the State Board's opinion.
Affirmed.
NOTES
[1] Petitioner also challenged the right of a tenured elementary teacher who was also retained. The Board's retention of this teacher, intervenor Patti Van Cauwenberge, is not challenged in this appeal.
[2] We express no opinion concerning the findings of the State Board as to Savage's right to her position, as it is unnecessary to this appeal.
[3] The certificates held by all candidates allowed them to teach physical education, grades K through 12.
[4] In this appeal Capodilupo did not contest the Board's right to reduce the teaching force, whether of tenured or non-tenured teachers, nor its right to eliminate his secondary school teaching position. See In re Maywood Bd. of Ed., 168 N.J. Super. 45, 55 (App. Div.), certif. den. 81 N.J. 292 (1979).
[5] In response to the brief filed by amicus, the Attorney General represented that the State Board intended to characterize its decision as "quasi-judicial" rather than "quasi-legislative."