223 N.J. Super. 136 (1988)
538 A.2d 395
LINDA BASSETT, PETITIONER-RESPONDENT, CROSS-APPELLANT,
v.
BOARD OF EDUCATION OF THE BOROUGH OF OAKLAND, BERGEN COUNTY, RESPONDENT-APPELLANT, CROSS-RESPONDENT.
Superior Court of New Jersey, Appellate Division.
Argued February 9, 1988.
Decided February 24, 1988.
*138 Before Judges PRESSLER, BILDER and GIBSON.
Stephen R. Fogarty argued the cause for appellant (Fogarty & Hara, attorneys; Stephen R. Fogarty, of counsel and on the brief).
Gregory T. Syrek argued the cause for respondent (Bucceri & Pincus, attorneys; Gregory T. Syrek, of counsel and on the brief).
W. Cary Edwards, Attorney General of New Jersey, attorney for respondent State Board of Education (Marlene Zuberman, Deputy Attorney General, on the statement in lieu of brief).
*139 Zazzali, Zazzali & Kroll, attorneys for amicus curiae New Jersey Education Association (Paul L. Kleinbaum, on the brief).
The opinion of the court was delivered by PRESSLER, P.J.A.D.
This appeal involves a question arising under the school laws. N.J.S.A. 18A:28-5 prohibits the reduction in compensation of tenured teachers except for inefficiency, incapacity or unbecoming conduct. Petitioner Linda Bassett was a full-time tenured teacher whose position was eliminated by reason of a reduction in force but who was offered and accepted reassignment to a part-time position in the same instructional area. The issue before us is whether N.J.S.A. 18A:28-5 requires that she be compensated proportionally to the full-time salary to which she would have been entitled but for the reduction in force or whether she may be paid at the substantially lesser hourly rate provided for in the collective negotiation agreement for hourly-rate teachers.
Petitioner was first employed as a full-time reading teacher by the Oakland Board of Education (Oakland) in September 1974. She taught continuously until March 1980 when she commenced an approximately three-and-a-half year approved maternity leave of absence. By the time she started her leave, she had achieved tenure and obtained State Board certification as an art teacher, a reading teacher, a reading specialist, and a supervisor. Her salary for the 1979-1980 school year was commensurate with step 8 1/2 of the teachers salary guide negotiated as part of the collective negotiation agreement. Prior to petitioner's anticipated return to her employment in September 1983, her full-time reading-teacher position was eliminated because of a reduction in force. She was accordingly offered and accepted reassignment as a "part-time Supplemental and Compensatory *140 Education Teacher,"[1] to teach reading for specifically designated school periods each day. Although her initial assignment required her to teach only two fifty-minute periods daily, she was, almost immediately after the start of the 1983 school year, assigned to teach three such periods each day. That assignment continued with little change until February 17, 1984, when she was assigned to teach four periods daily. The regular school day has six periods.
The parties agree that had petitioner returned to full-time employment in September 1983 she would have been paid at step 9 1/2 of the salary guide, receiving an annual compensation of $24,699. The salary which she was actually paid was the hourly rate of $10.80 in accordance with the collective negotiation agreement then in force which prescribed an hourly rate for "hourly rate teachers." Petitioner objected, claiming that unless her part-time position were compensated proportionally to the full-time position, she would suffer a salary reduction in violation of N.J.S.A. 18A:28-5. Oakland disagreed, and petitioner accordingly filed a verified petition seeking relief with the Commissioner of Education.
The matter proceeded as a contested case heard by an administrative law judge. Both he, the Commissioner, and ultimately the State Board of Education concluded that payment of the hourly rate contravened petitioner's statutory protection as a tenured teacher against salary reduction. Oakland appeals from that determination. Petitioner cross-appeals from the State Board's directive respecting the manner of calculating her proportional salary and from the denial of both pre- and post-judgment interest. We affirm the State Board on the ruling appealed from by Oakland. With respect to the cross-appeal, we affirm the State Board's denial of prejudgment interest but reverse the denial of post-judgment interest and its directive *141 respecting the calculation of petitioner's proportional entitlement.
We address first Oakland's contention that the State Board erred in requiring petitioner to be paid for her part-time teaching at the rate prescribed for full-time teachers at step 9 1/2. We note first that the collective negotiation contract provides for three categories of teachers. Paragraph 4 of Article III prescribes an hourly rate for teachers who are therein designated as "hourly rate teachers" and sets a slightly higher rate for those teaching for four or more years than for those in their first three years. Paragraph 5 of Article III prescribes the rate for "part-time teachers," providing that
Part-time teachers who are compensated based on the attached salary guides * * * shall be compensated at the rate of 1/6 per teaching period per day and shall be paid on a pro-rata basis for all additional required time.
The salary guides referred to are those applicable to full-time teachers, the third category. We further note that the contract does not define either the category of hourly-rate teachers or the category of part-time teachers or the distinction between them. The only difference on the face of the contract appears to be the salary to which each is entitled.
Oakland argues, in substance, that since petitioner's full-time position was eliminated, there was no impediment to its rehiring her as an hourly-rate teacher. It argues further that the parties to the collective negotiation agreement had the legal right to agree to different pay schedules for the hourly-rate and part-time categories. Hence, it contends, petitioner was accorded the full extent of her statutory right by being paid consistently with a valid contract. It asserts that any other result would violate the contract and impair the integrity of the negotiation process.
The State Board agreed that the separate categorization of hourly-rate and part-time teachers and the disparate salary schedules applicable to each does not, as a general proposition, contravene either the express provision or the intent of the *142 school laws.[2] It held, however, that as applied to this petitioner, the hourly-rate payment constituted a reduction in compensation proscribed by N.J.S.A. 18A:28-5. It concluded, therefore, that since the statutory mandate prevails over inconsistent contractual provision, the hourly-rate prescription of the contract was unenforceable in this case. It reasoned as follows:
It is not disputed that Petitioner achieved tenure prior to commencing her leave of absence in 1980. We emphasize that upon her return to active employment, she was not "transferred" within the meaning of N.J.S.A. 18A:28-6 from one tenurable position to another. Rather, she was reassigned within the same tenurable position. Prior to commencing her leave, she was employed under her instructional certificate, achieved tenure as a teacher and, upon her return, was reassigned within the same position. Therefore, by virtue of her status as a tenured teaching staff member, she had statutory protection against reduction in her compensation. Since N.J.S.A. 18A:28-5 specifically mandates that the Petitioner's salary level be maintained, the Board was required to conform to the statutory requirement even if it was contractually bound by the provision in the collective negotiations agreement establishing a lesser rate of compensation for "hourly rate" teachers which was applicable to Petitioner's assignment for that year.
We are satisfied that the State Board's application of N.J.S.A. 18A:28-5 to the circumstances of this case accorded with statutory intent and was consistent with Spiewak v. Rutherford Bd. of Ed., 90 N.J. 63 (1982), which not only extended tenure rights to remedial and supplemental teachers but also reaffirmed the principle that the Tenure Act, because of its remedial purpose and beneficient ends, must be liberally construed. Beyond that, we are satisfied that since the State Board is the agency ultimately charged by the Legislature with the implementation and enforcement of the school laws, its statutory interpretation is entitled to considerable weight, particularly *143 since that interpretation was not inconsistent with the statute and promoted its purpose and intent. See, e.g., Metromedia, Inc. v. Director, Div. of Taxation, 97 N.J. 313 (1984); Board of Educ. of Borough v. Board of Educ. of Tp., 204 N.J. Super. 508, 512 (App.Div. 1985).
With respect to the cross-appeal, the basic dispute is the manner in which petitioner's part-time salary should be calculated in order that it be proportionally commensurate with the full-time salary to which she would have been entitled.[3] The State Board directed that she be paid as an hourly-rate teacher but at a full-time teacher's rate. It therefore divided the full-time teacher's annual salary by the required number of annual teaching hours to reach an hourly rate of $20.22, which it then multiplied by actual number of hours petitioner taught. It is petitioner's position, concurred in by the amicus curiae, that since the Tenure Act precludes her categorization for salary purposes as an hourly-rate teacher and since salary setting is the apparently sole purpose of the categorization, that categorization should not be utilized for any calculation purposes at all. She therefore argues that for compensation purposes she must be deemed a "part-time teacher" entitled under the contract to 1/6 the comparable annual salary for each daily teaching period worked.
We are persuaded that petitioner is correct in this assertion. The State Board held that she must be paid proportionately to a full-time teacher at step 9 1/2 in order not to suffer a salary reduction. The contract, as we have pointed out, defines a part-time teacher solely in terms of compensation, that is, a part-time teacher is one who by definition is paid on the basis of the full-time teacher's salary guide. The State Board itself used the salary guide as the starting point and analytical *144 predicate of its own calculation, and we regard it as obvious that preservation of petitioner's salary level can be achieved only be reference to the salary guide. But since reference to the salary guide as the compensation determinant is the definitional essence of a part-time teacher, it necessarily follows, as a tautological matter, that petitioner must be paid as if she were a part-time teacher rather than an hourly-rate teacher. We therefore conclude that for the years in question, petitioner is entitled to 1/6 of the full-time salary designated for her step for every period taught.
Finally, we address the question of interest. We concur in the Board's denial of prejudgment interest. Petitioner had not made a showing that Oakland either deliberately violated the statute or acted in bad faith or from other improper motive in paying her at the hourly rate. See Bd. of Educ., City of Newark, Essex Cty. v. Levitt, 197 N.J. Super. 239, 244 (App.Div. 1984). See also N.J.A.C. 6:24-1.18. We see no reason, however, to deprive petitioner of post-judgment interest. The conditions prescribed by that administrative rule were met, and although petitioner failed to make specific request therefor in her verified petition, she is entitled, as an equitable matter, to interest on the money due her to which she has been deprived and of which Oakland has had the use.
We affirm the State Board's determination that petitioner must be paid in proportion to a full-time teacher's salary at her appropriate step. We also affirm its denial of prejudgment interest. We modify the State Board's determination respecting calculation of petitioner's salary and post-judgment interest. If the parties are unable to agree within 30 days from the date hereof as to the amount of back pay to which petitioner is entitled under this opinion and as to the amount of post-judgment interest due, they shall submit their dispute to the Commissioner of Education. Jurisdiction is not retained.
NOTES
[1] The record does not include a copy of the offer or reassignment notice by the Board. The denomination of the position is specified by the parties in the joint stipulation of fact submitted by them to the administrative law judge.
[2] In this respect the State Board disagreed with the Commissioner who had concluded that the disparate salaries for these two categories in the circumstances contravened the principle expressed by Spiewak v. Rutherford Bd. of Ed., 90 N.J. 63 (1982), that remedial teachers be accorded full rights and recognition as teaching staff members. He also concluded that the disparate contractual salary scale for hourly-rate teachers contravened the recognition clause of the contract itself. We do not address this disagreement between the State Board and the Commissioner since the issue it involves is not material to the decision of this appeal.
[3] As we understand the record, petitioner, during the course of subsequent administrative proceedings, did not challenge the conclusion of the administrative law judge that in any event she would not be entitled to insurance "fringes." We accordingly do not address that issue.