251 N.J. Super. 342 (1991)
598 A.2d 237
BARBARA ELLICOTT, PETITIONER-RESPONDENT,
v.
BOARD OF EDUCATION OF THE TOWNSHIP OF FRANKFORD, SUSSEX COUNTY, RESPONDENT-APPELLANT.
Superior Court of New Jersey, Appellate Division.
Argued September 24, 1991.
Decided October 24, 1991.
*345 Before Judges O'BRIEN, HAVEY and CONLEY.
Frank N. D'Ambra argued the cause for appellant (Sills, Cummis, Zuckerman, Radin, Tischman, Epstein & Gross, attorneys; Frank N. D'Ambra of counsel and on the briefs with James L. Plosia, Jr.).
Stephen B. Hunter argued the cause for respondent Barbara Ellicott (Klausner, Hunter & Cige, attorneys; Stephen B. Hunter of counsel and on the brief).
Robert J. Del Tufo, Attorney General of New Jersey, attorney for respondent State Board of Education (Marlene Zuberman, Deputy Attorney General, on the statement in lieu of brief).
The opinion of the court was delivered by HAVEY, J.A.D.
Respondent Frankford Township Board of Education (Local Board) appeals from a determination by the State Board of Education (State Board) upholding petitioner Barbara Ellicott's entitlement to a newly created full-time position as a learning disabilities teacher-consultant (LDTC). The State Board concluded that, with the exception of the position of school nurse,[1] petitioner enjoyed tenure in all positions for which her educational services certificate qualified her, including the LDTC position, despite the fact that she had not served the requisite probationary period under N.J.S.A. 18A:28-5 in that position. Thus, the State Board determined that petitioner, by virtue of a reduction in force (RIF), was entitled to the LDTC position over that of a nontenured teaching staff member. We agree and affirm.
Petitioner holds an educational services certificate with speech correctionist (speech language-specialist) and LDTC endorsements *346 on the certificate. She has worked in the Frankford Township school system since March 1, 1981. She was employed both as a speech correctionist and LDTC for approximately one year during various periods between March 1981 and June 1982. Thereafter, she worked as a speech correctionist for four days per week until the 1986-87 term, when her work week was reduced to two days.
In June 1988, the Local Board created a full-time LDTC position for the 1988-89 school year. Petitioner claimed an entitlement to the position by virtue of her tenure status. However, the Local Board hired a nontenured teaching staff member, Patricia Pasierb, to fill the position.
Petitioner filed a petition with the Commissioner of Education asserting her tenure right to the LDTC position. The Administrative Law Judge (ALJ) determined that since the LDTC position fell within petitioner's educational services certificate, and she held the requisite LDTC endorsement, she was tenured in the "position" of LDTC. However, the ALJ concluded that petitioner was not entitled to assert her tenure right because she had not been subject to a RIF occurring contemporaneously with the creation of the LDTC position. The Commissioner, while adopting the ALJ's initial decision, did so on a different ground. He concluded that the LDTC was a separate, tenurable position from speech correctionist and, since petitioner had accumulated only one year of service as an LDTC, she had not satisfied the requisite statutory period under N.J.S.A. 18A:28-5 to acquire tenure in that position. The State Board reversed the Commissioner, finding that petitioner's tenure was achieved by virtue of service under the educational services certificate since 1981. It reasoned that because petitioner was authorized and qualified for assignment as an LDTC by virtue of her LDTC endorsement, she was entitled to the position following a *347 RIF as against the nontenured teaching staff member.[2]
The Local Board argues that petitioner is not entitled to employment as an LDTC, as against the nontenured teaching staff member, since she did not achieve tenure under the LDTC endorsement. We disagree. We are satisfied that the State Board's determination is both factually supported and consistent with the legislative will. See Capodilupo v. Board of Educ. of West Orange, 218 N.J. Super. 510, 515, 528 A.2d 73 (App.Div.), certif. denied, 109 N.J. 514, 537 A.2d 1300 (1987); Dore v. Board of Educ. of Tp. of Bedminster, 185 N.J. Super. 447, 453, 449 A.2d 547 (App.Div. 1982).
Tenure is conferred by statute, N.J.S.A. 18A:28-1 to -18, which "should be liberally construed to achieve its beneficent ends." Spiewak v. Board of Educ. of Rutherford, 90 N.J. 63, 74, 447 A.2d 140 (1982). N.J.S.A. 18A:28-5 defines with specificity the conditions under which teaching staff members are entitled to the security of tenure. It provides that the services of "all teaching staff members including ... teachers ... and such other employees as are in positions which require them to hold appropriate certificates issued by the board of examiners," shall be under tenure upon satisfying one of the requisite statutory probationary terms set forth in the statute. (Emphasis added). Thus, tenure is achieved by a teaching staff member who serves the probationary period either in a specifically designated "position," such as a teacher, or in "positions which require them to hold appropriate certificates...." While "position" is not defined by the act, "teaching staff member" is *348 defined as a staff member who holds "office, position or employment" which requires that he or she "hold a valid ... certificate...." N.J.S.A. 18A:1-1. (Emphasis added). Also, N.J.S.A. 18A:28-4 provides that "[n]o teaching staff member shall acquire tenure in any position ... who is not the holder of an appropriate certificate for such position...." (Emphasis added).
As the State Board properly observed, what is clear from the statutory scheme is that tenure is achieved in a specific "position," and the scope of the tenured position is initially limited by the "certificate" the teaching staff member must hold to satisfy the prerequisite of qualifications for his or her employment. The statute does not require service of the probationary term under a specific "endorsement." Because the legislative will is expressed by the plain language of the statute, we will "not engage in conjecture or surmise which will circumvent the plain meaning of the act." In re Closing of Jamesburg High School, 83 N.J. 540, 548, 416 A.2d 896 (1980).
The State Department of Education regulations provide for three types of regular certifications: instructional; administrative, and educational services. N.J.A.C. 6:11-2.3. The Board of Examiners may issue for each teaching, administrative or educational services position a "special endorsement" under the appropriate certificate. Id. Under each certification there are numerous "special endorsements" required for teaching staff member assignments in specific fields. For example, N.J.A.C. 6:11-11.3 to -11.20 enumerate various endorsements under the educational services certificate, including LDTC and speech correctionist. A teaching staff member holding an educational services certificate is qualified to serve in any assignment under that certificate for which he or she holds the requisite endorsement. Also, teachers holding an instructional certificate are authorized and qualified for service under the certificate for which the member possesses the appropriate endorsement. N.J.A.C. 6:11-6.1 to -8.7. Thus, unlike the statutory *349 language under N.J.S.A. 18A:28-5, which predicates tenure to a particular "position" upon the acquisition of a "certificate," the regulations enumerate endorsements under the certificates which, if acquired, qualify the teaching staff member to be assigned to the endorsement position.
We have already upheld a State Board determination, in a different setting, that a teaching staff member has tenure in all positions for which his instructional certificate qualifies him. In Capodilupo, the State Board distinguished seniority rights under N.J.S.A. 18A:28-9 (which provides a mechanism for ranking tenured teaching staff members so that reductions can be effected in an equitable fashion) from tenure rights under N.J.S.A. 18A:28-5. 218 N.J. Super. at 514-15, 528 A.2d 73. See also Lichtman, 93 N.J. at 368, n. 4, 461 A.2d 158. We endorsed the State Board's determination that a tenured teacher is entitled to retention as against a nontenured teacher regardless of seniority, in the event of a RIF. Capodilupo, 218 N.J. Super. at 514-15, 528 A.2d 73. We held that "a tenured teacher seeking reinstatement within the endorsements on his or her certificate is entitled to preference in a RIF as against a non-tenured applicant with the same certification." Id. at 515, 528 A.2d 73 (emphasis added). This was so despite the fact that the tenured teacher had no "demonstrable experience" under the endorsement. Id. at 513, 528 A.2d 73. See also Bednar v. Westwood Bd. of Educ., 221 N.J. Super. 239, 534 A.2d 93 (App.Div. 1987), certif. denied, 110 N.J. 512, 541 A.2d 1371 (1988) (the Tenure Act "surely does not contemplate use of the concept of seniority to justify retaining a non-tenured teacher in a position within the certificate of a dismissed tenured teacher"). 221 N.J. Super. at 242, 534 A.2d 93 (emphasis added). The State Board's determination here is entirely consistent with the Capodilupo and Bednar holdings.
The Local Board urges that even if Capodilupo and Bednar properly define the scope of a teacher's tenure protection under an instructional certificate, the reasoning of the decisions should not apply to teaching staff members employed under an *350 educational services certificate. It argues that Capodilupo and Bednar "[do] not logically apply to endorsements held under the [e]ducational [s]ervices certificate, because those endorsements constitute separate categories of jobs rather than distinct subject areas, as is the case with instructional certificate endorsements."
The short answer to this argument is that the statute and attendant regulations make no such distinction. What is apparent from the statutory language is that the Legislature left it to the State Board to promulgate specifications concerning the categories of "certification," and we cannot intervene unless the State Board's decision is palpably arbitrary. Shelton College v. State Bd. of Educ., 48 N.J. 501, 517-18, 226 A.2d 612 (1967). The regulations defining the parameters of each certificate are accorded a presumption of reasonableness. In re Amendment of N.J.A.C. 8:31B-3.31 and N.J.A.C. 8:31B-3.51, 119 N.J. 531, 544, 575 A.2d 481 (1990). We must presume that the State Board, applying its expertise, cataloged the numerous endorsements, including speech correctionist and LDTC, under the single umbrella of the educational services certificate for sound administrative and educational reasons. See id. at 543, 575 A.2d 481; see also In re Amendments to N.J.A.C. 6:11-8.4, 249 N.J. Super. 52, 57, 592 A.2d 9 (App.Div. 1991). Indeed, comparing the pertinent endorsements here, it becomes clear that there exists integrated and overlapping functions and duties under the speech correctionist and LDTC endorsements. As petitioner points out, both participate in child study teams and in presenting specialized remediative services to school district children. See N.J.A.C. 6:11-11.9 and N.J.A.C. 6:11-11.13. Moreover, any differences among the endorsements, in the context of tenure rights, become less significant since the teaching staff member asserting a tenure right under the certification must still qualify for the particular position by securing the pertinent endorsement.
*351 Lastly, the Local Board argues even if petitioner had tenure entitlement to the LDTC position, it had "sound educationally-based reasons" for its decision to employ a nontenured person rather than petitioner. In Capodilupo, we observed in dictum that:
We recognize that, in upholding the [Local] Board's decision to retain [a nontenured teacher], the State Board also made a finding that the Board's obligation to consider tenure in a RIF could be balanced by "sound educationally based reasons for its decision to retain a non-tenured teacher."
218 N.J. Super. at 515-16, 528 A.2d 73. However, we found it "both unnecessary and inappropriate" to address the merits of this portion of the State Board's opinion because the Local Board had advanced "no educationally based reasons" to retain the nontenured teacher, beyond his experience, as an elementary teacher. Id. at 516, 528 A.2d 73.
We now question whether, at least in the context before us, there can be any "sound educationally based reasons" for retaining a nontenured over a tenured teaching staff member in the event of a RIF, once the statutory right to tenure is fixed. Indeed, in Bednar, the State Board had concluded that tenure did not permit a teacher to claim an assignment in a job category against a nontenured teacher who had seniority in that category. 221 N.J. Super. at 242, 534 A.2d 93. We held that while the State Board's approach may or may not represent "sound educational policy," it erodes tenure rights "which appear plain on the face of the statute, which we are bound to recognize and which can be removed only by the Legislature." Id. at 243, 534 A.2d 93.
In any event, even if such an exception to tenure entitlement does exist, no "sound educationally based reasons" exist here sufficient to deny petitioner's entitlement to the LDTC position. The Local Board did not advance such "reasons" before the ALJ, Commissioner or State Board, nor did it articulate such reasons when it employed the nontenured teaching staff member. Moreover, as we have stated, petitioner has experience in the LDTC field under her LDTC endorsement and, as a speech *352 correctionist for the last nine years, has had continued involvement with LDTCs within the school district as part of its child study team operations and in her other duties.
The determination of the State Board is affirmed.
NOTES
[1] School nurse is a specific tenurable position under N.J.S.A. 18A:28-5.
[2] The State Board determined that petitioner's reduction in service to two days per week in 1986 constituted a RIF, which permitted petitioner to assert an entitlement to the full-time LDTC position. See N.J.S.A. 18A:28-12; see also Lichtman v. Board of Educ. of Village of Ridgewood, 93 N.J. 362, 364, 461 A.2d 158 (1983). The State Board rejected the Local Board's assertion that petitioner was not entitled to assert her tenure right because the RIF did not occur contemporaneously with the creation of the LDTC position. On appeal, the Local Board does not challenge this aspect of the State Board's determination.