286 N.J. Super. 354 (1996)
669 A.2d 282
ELLEN FRANCEY, PETITIONER-APPELLANT,
v.
BOARD OF EDUCATION OF THE CITY OF SALEM, SALEM COUNTY, RESPONDENT-RESPONDENT.
Superior Court of New Jersey, Appellate Division.
Argued December 18, 1995.
Decided January 9, 1996.
*356 Before Judges HAVEY, D'ANNUNZIO and CONLEY.
Steven R. Cohen argued the cause for appellant (Selikoff & Cohen, P.A., attorneys; Mr. Cohen, of counsel; Mr. Cohen and Keith Waldman, on the brief).
John T. Barbour argued the cause for respondent Board of Education of the City of Salem (John T. Barbour, P.A., attorney; Mr. Barbour, on the brief).
Arlene G. Lutz, Deputy Attorney General argued the cause for respondent State Board of Education (Deborah T. Poritz, Attorney General, attorney; Mary C. Jacobson, Assistant Attorney General, of counsel; Marlene Zuberman, Deputy Attorney General, on the brief).
The opinion of the court was delivered by CONLEY, J.A.D.
Petitioner, a home economics teacher who acquired tenure with the Salem City Board of Education, was laid off when her position was abolished in a reduction in force (RIF) in 1989. Pursuant to N.J.S.A. 18A:28-12, she was placed on a preferred reemployment list. In April 1991, petitioner received an endorsement on her teaching certificate for elementary education. Several vacancies thereafter arose in the Salem City school system for elementary school teaching positions. Petitioner applied, asserting a right to preferred employment from the reemployment list. Disagreeing that her after-acquired endorsement for elementary education entitled her to preference pursuant to N.J.S.A. 18A:28-12, the *357 local board of education hired, instead, nontenured teachers to fill the vacancies. Both the Acting Commissioner of Education and the State Board of Education affirmed that decision, construing N.J.S.A. 18A:28-12 to accord preferred reemployment rights based upon the scope of the RIF'd tenured teacher's teaching certificate and endorsements thereon as of the date of the lay-off determination.
Although a contrary interpretation of the statute is possible, we agree with the administrative agencies' interpretation. In so agreeing, we acknowledge that when the issue is one of statutory interpretation, we are not bound to accept an administrative agency's interpretation. But we do, nonetheless, accord an agency's expertise "considerable weight." E.g., Mayflower Sec. Co., Inc. v. Bureau of Sec., 64 N.J. 85, 93, 312 A.2d 497 (1973); Bassett v. Board of Educ. of Oakland, Bergen County, 223 N.J. Super. 136, 142, 538 A.2d 395 (App.Div. 1988). And see Dennery v. Board of Educ. of Passaic County, 131 N.J. 626, 642-43, 622 A.2d 858 (1993). We also recognize that when the meaning of a statute is plain on its face, ordinarily that meaning governs. See Lammers v. Board of Educ. of Point Pleasant, 134 N.J. 264, 272, 633 A.2d 526 (1993).
Here, the statute not only does not plainly mean what petitioner says it does, but it is entirely silent as to whether the reemployment protections it accords are to be fixed as of the date of the RIF decision or may thereafter be expanded by the addition of subsequent endorsements on a teacher's teaching certificate. Given the absence of a contrary legislative directive, we give considerable weight to the Commissioner's and State Board's expertise, particularly since we think their interpretation is well-supported by cogent education policy considerations and is not discordant with the underlying legislative objectives to be served by the Tenure Act. Cf. Board of Educ. of Manchester, Ocean County v. Raubinger, 78 N.J. Super. 90, 99-100, 187 A.2d 614 (App.Div. 1963).
*358 N.J.S.A. 18A:28-12 provides in pertinent part:
If any teaching staff member shall be dismissed as a result of ... [a reduction in force], such person shall be and remain upon a preferred eligible list in the order of seniority for reemployment whenever a vacancy occurs in a position for which such person shall be qualified and he shall be reemployed by the body causing dismissal, if and when such vacancy occurs.
[Emphasis added].
"Qualified," in its ordinary sense, means: "[to have] complied with the specific requirements or precedent conditions...." Webster's Third New International Dictionary Unabridged 1858 (3d ed. 1981). It is, moreover, well evident that possession of the appropriate certification deems one "qualified" for a vacancy within the context of N.J.S.A. 18A:28-12. See Mirandi v. Board of Educ. of West Orange, 1989 S.L.D. 3057, 3062; Bodine v. Board of Educ. of Burlington, Burlington County, 1989 S.L.D. 1053, 1058, aff'd by State Bd. of Educ., 1989 S.L.D. 1064. It is, further, by now clear that "qualified" within the scope of tenure rights means qualified as to the particular position in which a teacher has attained tenure and all other positions within the scope of the teacher's teaching certificate and endorsements thereto, Dennery v. Board of Educ. of Passaic County, supra, 131 N.J. at 634, 638, 622 A.2d 858; Ellicott v. Board of Educ. of Frankford, Sussex County, 251 N.J. Super. 342, 348, 598 A.2d 237 (App.Div. 1991), regardless of whether one has actual experience in that area, id. at 348-50, 598 A.2d 237; Capodilupo v. Board of Educ. of West Orange Tp., Essex County, 218 N.J. Super. 510, 513-15, 528 A.2d 73 (App.Div.), certif. denied, 109 N.J. 514, 537 A.2d 1300 (1987).
That does not, however, address at what point the teacher must "qualify" for preferred rights to a vacancy. Petitioner argues that the use of the verb "shall" has a futuristic connotation. We cannot discern that from the language of the statute. "Shall" frequently is used by the Legislature to connote a mandate. No Illegal Points, Citizens for Drivers Rights, Inc. v. Florio, 264 N.J. Super. 318, 329, 624 A.2d 981 (App.Div.), certif. denied, 134 N.J. 479, 634 A.2d 526 (1993). That is consistent with the overall mandatory tone of the statute here. "Shall" has also been used to designate a tense or time. See Student Pub. Interest Research Group of N.J. *359 v. Byrne, 86 N.J. 592, 598-99, 432 A.2d 507 (1981) ("shall have been" in the context of the New Jersey constitutional provision concerning salary increases for legislators during their term of office is the use of the future perfect tense identifying "that which must occur before the future event."). But as a commentator on statutory construction has observed:
"Shall," as used in statutes, is not only, in many cases, superfluous from the standpoint of good writing, but has too many meanings to make its unnecessary use safe. The courts, in following their well-defined policy of looking to the intent, rather than to the language, have variously held that "shall" is imperative, is directory, means "may," expresses a mandate, either permissive or peremptory, applies to the past, to the future, and to the present. [Dale E. Sutton, Use of "Shall" in Statutes, 4 J. Marshall L.Q. 204 (1938), reprinted in 2 Sutherland, Statutory Construction, at 763 (5th ed. 1992)].
Moreover, N.J.S.A. 18A:28-12 is a reemployment statute. It looks to the reestablishment of a prior employment relationship. That relationship does not logically exist for additional endorsements or teaching certifications acquired after the employment relationship ends.
We acknowledge that, generally, a liberal interpretation of the Tenure Act is favored. E.g., Spiewak v. Rutherford Bd. of Educ., 90 N.J. 63, 74, 447 A.2d 140 (1982). Such liberal interpretation is favored so as to properly effectuate the Act's beneficial purposes. Ibid; Bednar v. Westwood Bd. of Educ., 221 N.J. Super. 239, 241, 534 A.2d 93 (App.Div. 1987), certif. denied, 110 N.J. 512, 541 A.2d 1371 (1988). When enacting the tenure laws for teachers, the Legislature was responding to concerns regarding those teachers who had devoted their efforts to an employment relationship with a local school district, and sought to protect such teachers from an arbitrary termination of that relationship. Such statutory rights were perceived to foster "a competent and efficient school system by affording to principals and teachers a measure of security in the ranks they hold after years of service." E.g., Viemeister v. Board of Educ. of Prospect Park, Passaic County, 5 N.J. Super. 215, 218, 68 A.2d 768 (App.Div. 1949). And see Wright v. Board of Educ. of East Orange, Essex County, 99 N.J. 112, 118, 491 A.2d 644 (1985) ("tenure `prevents school boards *360 from abusing their superior bargaining power ... in contract negotiations'. Spiewak v. Rutherford Bd. of Educ., 90 N.J. 63, 74, 447 A.2d 140 (1982). It protects employees from dismissal for `unfounded, flimsy or political reasons.' Zimmerman v. Newark Bd. of Educ., 38 N.J. 65, 71, 183 A.2d 25 (1962), cert. denied, 371 U.S. 956, 83 S.Ct. 508, 9 L.Ed.2d 502 (1963). Once the status of tenure is earned, it provides a measure of job security to those who continue to perform their jobs properly....").
These concerns govern a tenured teacher's rights while in the employment of a school board and afford protection thereafter for rights attained during that relationship. Whether the same considerations arise so as to extend tenure protection to an expansion of the scope of a teacher's teaching certificate, after the employment relationship has ended, is plainly a matter of policy. The Legislature has been less than clear and the education agencies have, accordingly, filled the void. We cannot say their policy choice is arbitrary or capricious and without educational foundation. Cf. Ellicott v. Board of Educ. of Frankford, Sussex County, supra, 251 N.J. Super. at 351, 598 A.2d 237; Capodilupo v. Board of Educ. of West Orange Tp., Essex County, supra, 218 N.J. Super. at 515-16, 528 A.2d 73. As we perceive them, the tenure protections afforded by the Act are designed to apply to, and protect, a teacher's employment efforts over a period of time with a particular school board of education. Thus, on the one hand, when a teacher is RIF'd, but, during employment with the school board, has earned tenure rights within the scope of a teaching certificate and all endorsements thereon, the teacher is entitled to preferred reemployment only to positions within that certificate and endorsements. On the other hand, like a distinct, separate teaching certificate, subsequently acquired endorsements do not fall within the scope of the needed protection. Cf. Dennery v. Board of Educ. of Passaic County, supra, 131 N.J. at 641-42, 622 A.2d 858 (reemployment rights of a RIF'd teacher do not apply to a teaching certificate that is separate from and unrelated to the certificate and endorsements thereon for which the teacher *361 obtained tenure); N.J.S.A. 18A:28-4 ("[n]o teaching staff member shall acquire tenure in any position in the public schools in any school district or under any board of education, who is not the holder of an appropriate certificate for ... [the] position....").
We note, too, the observations expressed by the Acting Commissioner in terms of the administrative concerns:
the date of an employee's RIF can be the only reasonable date certain on which the employee's rights can be reckoned for future entitlement purposes. To deprive boards of this certainty by permitting riffed staff to continually revise and expand their entitlements at will would at the very least pose an unreasonable administrative burden on the district, and, of more concern, would likely lead to amassing of endorsements following RIF, reduce to chaos any attempt by a district to ascertain its legal responsibilities upon the arising of a vacancy, and unduly restrict boards in their efforts to provide a thorough and efficient education by choosing the most qualified staff for open positions.
These concerns arise from the Commissioner's overall responsibility to ensure a fair, yet effective and efficient educational system. We can not say that such concerns are not entitled to some weight.
Finally, we address petitioner's reliance upon our decisions in Ellicott v. Board of Educ. of Frankford, Sussex County, supra, and Capodilupo v. Board of Educ. of West Orange Tp., Essex County, supra. Neither of these cases are dispositive of the precise issue here. All we held in Ellicott and Capodilupo, as had the State Board, was that a RIF'd tenured teacher, at the time of her RIF, has tenure rights to a vacancy in a position that is within the scope of the teacher's certificate and endorsements thereon as of the date of the RIF. Neither of those cases concerned endorsements acquired after the date of a RIF. Our affirmance here, therefore, of the Acting Commissioner's and the State Board's denial of N.J.S.A. 18A:28-12 reemployment rights based on such after acquired endorsements is not contraindicated by those cases.
Affirmed.