**NOT FOR PUBLICATION WITHOUT THE
APPROVAL OF THE APPELLATE DIVISION**

This opinion shall not "constitute precedent or be binding upon any court."
Although it is posted on the internet, this opinion is binding only on the
parties in the case and its use in other cases is limited. R. 1:36-3.

SUPERIOR COURT OF NEW JERSEY
APPELLATE DIVISION
DOCKET NO. A-3066-16T2

CHRISTOPHER CONCATO,

 Petitioner-Appellant,

v.

BOARD OF EDUCATION OF THE
RIVER DELL REGIONAL HIGH
SCHOOL DISTRICT, BERGEN COUNTY,

 Respondent-Respondent.

_____

   Argued May 15, 2018 — Decided August 14, 2018

   Before Judges Sumners and Natali.

   On appeal from the New Jersey Commissioner of
   Education, Agency Docket No. 146-6/15.

   Alfred F. Maurice argued the cause for
   appellant (Springstead & Maurice, attorneys;
   Alfred F. Maurice and Lauren E. McGovern, on
   the briefs).

   Rodney T. Hara argued the cause for respondent
   Board Of Education of the River Dell Regional
   High School District (Fogarty & Hara,
   attorneys; Rodney T. Hara, of counsel and on
   the brief).

   Nicole T. Castiglione, Deputy Attorney
   General, argued the cause for respondent New
   Jersey Department of Education (Gurbir S.
   Grewal, Attorney General, attorney; Nicole T.

Castiglione, on the statement in lieu of brief).

PER CURIAM

Christopher Concato filed a petition of appeal with the Acting Commissioner of Education (Commissioner) claiming that his tenure and seniority rights under the New Jersey Tenure Act (the Tenure Act), N.J.S.A. 18A:28-1 to -18, were violated when the Board of Education of the River Dell Regional High School District (Board) reduced his full-time Teacher of Industrial Arts position to a part-time position due to a reduction in force (RIF) for reasons of economy, and he was not appointed to positions that were held by tenured teachers with less seniority and non-tenured teachers. He appeals from the Commissioner's final agency decision adopting the Administrative Law Judge's (ALJ) initial decision that the Board did not violate his rights because he did not hold the proper certification at the time the RIF took effect. We affirm substantially for the reasons set forth in the Commissioner's Decision.

Before addressing the relevant facts concerning Concato's claims, we briefly discuss our standard of review and the relevant law that governs his tenure and seniority rights.

We limit our review "to a determination of whether the [Commissioner's] decision is 'unreasonable, unsupported by the

record or violative of the legislative will.'" D.L. v. Bd. of Educ., 366 N.J. Super. 269, 273 (App. Div. 2004) (quoting Capodilupo v. Bd. of Educ., 218 N.J. Super. 510, 515 (App. Div. 1987)). Regarding educational matters, the Supreme Court has cautioned that "the courts cannot supplant educators; they are not at liberty to interfere with regulatory and administrative judgments of the professionals in the field of public education unless those judgments are palpably arbitrary or depart from governing law." Dennery v. Bd. of Educ., 131 N.J. 626, 643 (1993). Although we are not bound by an administrative agency's legal opinions, Levine v. State Dep't of Trans., 338 N.J. Super. 28, 32 (App. Div. 2001) (citation omitted), the "'agency's interpretation of statutes and regulations within its implementing and enforcing responsibility is ordinarily entitled to our deference,'" Wnuck v. N.J. Div. of Motor Vehicles, 337 N.J. Super. 52, 56 (App. Div. 2001) (quoting In re Appeal by Progressive Cas. Ins. Co., 307 N.J. Super. 93, 102 (App. Div. 1997)).

A RIF, "whether of tenured or nontenured teachers, if done for reasons of economy, is entirely within the authority of the board." Jamison v. Bd. of Educ., 198 N.J. Super. 411, 414-15 (App. Div. 1985). However, where a tenured teacher is riffed, the Tenure Act protects the teacher by providing "a measure of security in the ranks they hold after years of service." Viemeister v. Bd.

of Educ., 5 N.J. Super. 215, 218 (App. Div. 1949). N.J.S.A. 18A:28-9, provides:

> Nothing in this title or any other law relating to tenure of service shall be held to limit the right of any board of education to reduce the number of teaching staff members, employed in the district whenever, in the judgment of the board, it is advisable to abolish any such positions for reasons of economy or because of reduction in the number of pupils or of change in the administrative or supervisory organization of the district or for other good cause upon compliance with the provisions of this article.

"Seniority is a by-product of tenure and comes into play only if tenure rights are reduced by way of dismissal or reduction in . . . benefits." Carpenito v. Bd. of Educ., 322 N.J. Super. 522, 531 (App. Div. 1999).

A teacher's tenure and seniority rights are not unlimited. N.J.S.A. 18A:28-4, provides that "[n]o teaching staff member shall acquire tenure in any position in the public schools in any school district or under any board of education, who is not the holder of an appropriate certificate for . . . [the] position. . . ." In a similar vein, N.J.S.A. 18A:28-12 provides:

> If any teaching staff member shall be dismissed as a result of . . . [a reduction in force], such person shall be and remain upon a preferred eligible list in the order of seniority for reemployment whenever a vacancy occurs in a position for which such person shall be qualified and he shall be

> reemployed by the body causing dismissal, if
> and when such vacancy occurs. . . .

> [(Emphasis added).]

Thus, a riffed teacher's right to exercise tenure and seniority rights is restricted to positions for which the teacher holds the appropriate certificate and endorsement during employment with the school district. <u>Francey v. Bd. of Educ.</u>, 286 N.J. Super. 354, 360 (App. Div. 1996).

Turning to the undisputed facts of Concato's situation, in June 2015, his industrial arts position, in which he obtained tenure, was reduced by the Board effective for the 2015-2016 school year to a twenty-percent part-time position due to reasons of economy and efficiency. At the effective date of the Board's action, Concato possessed a Standard Certificate for "Teacher of Industrial Arts"; a Standard Certificate with an endorsement of "Supervisor"; a provisional "Certificate of Eligibility for Principal"; a Standard Certificate with an endorsement of "Elementary School Teacher in Grades K-5"; and a Standard Certificate with an endorsement of "Elementary School with Subject Matter Specialization: Science in Grades 5-8".[1] Employed by the Board prior to April 23, 2014, he was eligible for a Standard

---

[1] Concato had never taught science in the District under his elementary school science grades 5-8 certificate.

Certification with Endorsement of Teacher of Technology in accordance with N.J.A.C. 6A:9B-10.6, but he failed to apply to the State Board of Examiners to obtain the endorsement until several months after he was riffed and while his petition of appeal was pending.

In his petition, Concato claimed that his tenure and seniority rights were violated because the Board continued to employ tenured and non-tenured teachers with less seniority in twenty-two assignments for which he was qualified.[2] The dispute was transmitted as a contested matter to the Office of Administrative Law, which resulted in the ALJ's initial decision after the parties' submitted cross-motions for summary decision. The ALJ rejected Concato's claims on the basis that he had no bumping rights to any of the positions he was seeking. The ALJ stated,

> [a]n endorsement titled 'Technology Education,' found at N.J.A.C. 6A:9B-9.3(a)(8), authorizes the holder of this endorsement to teach, in all public schools, a variety of technical education courses, . . . but does not authorize the holder to teach

---

[2] He claimed to have seniority in the positions of: Project and Performances; Research 4 Today; Robotics; Intro to Computer Science; Engineering your World; TV Production I; TV Production II; TV Production III; Advanced Media Project; Math Plus; Geometry Lab; Algebra II Lab; Digital Imaging; Animation; Digital Arts Major; Intro to Photography; Digital Illustration; Digital Commercial Design; Advanced Placement Photography; Advanced Photography; Painting and Printmaking; and World of Music and Music Technology.

> 'career and technical education programs'
> listed in N.J.A.C. 6A:9B-9.4(a) and (c).
>
> By means of a special 'grandfather' provision
> found at N.J.A.C. 6A:9B-10.6(b) an endorsement
> in 'Technical Education' is available to
> holders of an Industrial Arts endorsement who
> have been employed by a school district before
> April 23, 2004. These individuals can obtain
> the Technology Education endorsement upon
> his/her application to the Board of Education.
> N.J.A.C. 6A:9B-10.[6](b).

Because Concato failed to possess a Technology Endorsement at the time of the RIF, the ALJ ruled he was not entitled to use it thereafter to bump anyone employed in a position requiring that endorsement. And since Concato never served in a position in which he had to possess the Standard Certificate with an Endorsement in Elementary Education with Subject Matter Specification in Science grades 5-8, he had no rights to the positions requiring that endorsement.

In adopting the ALJ's initial decision, the Commissioner reasoned:

> The ALJ thoroughly and comprehensively
> conducted an analysis of each course —
> examining the curriculum, the endorsements the
> Board states are required, as well as
> petitioner's arguments — prior to making a
> determination on each course as to the
> necessary endorsement and whether petitioner
> has the required credentials to teach the
> course. As the ALJ found that petitioner
> lacked the certifications and endorsements to
> teach these twenty-two courses, there was no
> need for the ALJ to analyze the seniority of

those teachers who were assigned to teach them.

On appeal, Concato argues the ALJ and Commissioner erred in finding that he not did not have tenure and seniority rights to other teaching positions at the time of the RIF based on his Industrial Arts endorsement and his eligibility to obtain his Technology Education endorsement. We disagree. Based upon our standard of review, we are convinced that the Commissioner's Decision — concurring with the ALJ's findings and conclusions and adopting his summary decision — was correct substantially for the reasons set forth therein.

Affirmed.

I hereby certify that the foregoing is a true copy of the original on file in my office.

CLERK OF THE APPELLATE DIVISION