97 N.J. Super. 483 (1967)
235 A.2d 470
GLADYS M. CANFIELD, PETITIONER-RESPONDENT,
v.
BOARD OF EDUCATION OF THE BOROUGH OF PINE HILL, RESPONDENT-APPELLANT.
Superior Court of New Jersey, Appellate Division.
Argued October 9, 1967.
Decided November 10, 1967.
*484 Before Judges GAULKIN, LEWIS and KOLOVSKY.
Mr. Frank Vittori argued the cause for appellant (Messrs. Piarulli and Vittori, attorneys).
Mr. Cassel R. Ruhlman, Jr. argued the cause for respondent.
Mr. Stephen G. Weiss, Deputy Attorney General, appeared and filed a statement in lieu of brief for the State Board of Education (Mr. Arthur J. Sills, Attorney General of New Jersey, attorney).
*485 The opinion of the court was delivered by KOLOVSKY, J.A.D.
Defendant Board of Education (Pine Hill board) appeals from a final decision of the State Board of Education (State Board) which affirmed a decision of the Acting Commissioner of Education (Commissioner) that petitioner Gladys M. Canfield has tenure as a teacher and is to be reinstated immediately "with all such rights as she would have enjoyed had she not been deprived of her employment."
Four written contracts of employment on forms provided by the Commissioner pursuant to N.J.S.A. 18:13-7 were entered into between the Pine Hill board and petitioner. The first, dated December 12, 1962, provided for petitioner's employment as a teacher from November 19, 1962 to June 30, 1963; the second, dated April 15, 1963, for her employment from September 1, 1963 to June 30, 1964; the third, dated April 14, 1964, for her employment from September 1, 1964 to June 30, 1965, and the fourth, dated April 20, 1965, for her employment from September 1, 1965 to June 30, 1966.
The fourth contract contained the following provision:
"It is hereby agreed by the parties hereto that this contract may at any time be terminated by either giving to the other 60 days' notice in writing of intention to terminate the same, but that in the absence of any provision herein for a definite number of days' notice, the contract shall run for the full term named above."
An identical paragraph appeared in each of the first three contracts except that the notice period provided therein was 30 instead of 60 days.
On November 15, 1965 the Pine Hill board wrote a letter to Mrs. Canfield reading as follows:
"The Board of Education of the Borough of Pine Hill herein notifies you that as of November 15, 1965 they are terminating your teaching contract, to take effect immediately, with this District, giving you two months pay." *486 Enclosed with the letter was a check for two months' pay which petitioner promptly returned, asserting that she had tenure.
The Commissioner and the State Board, which adopted the Commissioner's decision, ruled that petitioner has tenure under clause (c) of N.J.S.A. 18:13-16 which provides in pertinent part as follows:
"The services of all teachers, * * * shall be during good behavior and efficiency, (a) after the expiration of a period of employment of 3 consecutive calendar years in that district unless a shorter period is fixed by the employing board, or (b) after employment for 3 consecutive academic years together with employment at the beginning of the next succeeding academic year, or (c) after employment, within a period of any 4 consecutive academic years, for the equivalent of more than 3 academic years, some part of which must be served in an academic year after July 1, 1940; * * *.
An academic year, for the purpose of this section, means the period between the time school opens in the district after the general summer vacation until the next succeeding summer vacation."
The Pine Hill board does not dispute the Commissioner's determination that since petitioner's employment began on November 19, 1962, "employment on November 20, 1965 would provide for her the equivalent of more than 3 academic years within the period of 4 consecutive academic years beginning with the 1962-1963 academic year." But it does dispute the Commissioner's ruling that
"* * * petitioner's employment did not terminate on November 15, 1965, as respondent [the Pine Hill board] purported to accomplish, but barring any intervening rights, would have terminated 60 days thereafter. Thus, petitioner was in fact employed on November 20 and thereafter, and thereby acquired tenure of employment in respondent's schools."
The Commissioner held that the contract of employment could not be terminated without 60 days' prior notice; that while "a board of education may terminate the services of a teacher when it gives notice, * * * it may not terminate *487 the employment until the expiration of the period of notice provided in the employment contract." Reference was made to other decisions of the Commissioner and the State Board which recognized "the legal significance of the difference between service and employment" as used in the Teachers' Tenure Law.
We agree with the determination of the State Board and the Commissioner and affirm.
The notice served by the Pine Hill board on November 15, 1965 "terminating [petitioner's] teaching contract, to take effect immediately," clearly was ineffective to that end in face of the express contract provision permitting its termination only on 60-days' prior notice. There is no suggestion or claim that there is any authority for terminating the contract other than the reserved right to terminate. To exercise that right on November 15, 1965 required service of notice of termination at least 60 days prior thereto.
The Pine Hill board had the power to prevent the petitioner from continuing to render services as a teacher after November 15, 1965, even though in doing so it breached its contract employing petitioner. But the exercise of that power did not terminate petitioner's employment. To terminate the employment prior to November 20, 1965, when petitioner acquired tenure, required service of the notice not later than September 20, 1965, a course which the Pine Hill board had available to it but did not adopt.
The Teachers' Tenure Law, N.J.S.A. 18:13-16, measures the right to tenure in years of employment, not in years of service. "Employment" is the word used in the statute, not "service." (For only the one year that the 1934 amendment (L. 1934, c. 188) to that section was in effect did the Tenure Act refer to "service" in measuring the right to tenure; the reference was eliminated when the section was again amended by L. 1935, c. 27.)
Although normally the period of a teacher's employment and her service coincide, when they do not, as here, the difference in the two terms must be recognized and given *488 effect. That difference has been recognized by the State Board and the Commissioner in administering the law, a factor which gives supportive weight to our construction of the statute.
"The principle is well established that practical interpretation by an administrative agency is entitled to great weight in construing statutes in order to ascertain their meaning, to explain a doubtful phrase or to illuminate any obscurity." State v. LeVien, 44 N.J. 323, 330 (1965)
We do not agree with our dissenting colleague that N.J.S.A. 18:13-11 and N.J.S.A. 18:13-11.1 furnish legislative support for the position advocated by defendant. Neither section relates to tenure rights.
N.J.S.A. 18:13-11 was originally enacted as part of the School Law of 1903, L. 1903, c. 1, and antedates the first Teachers' Tenure Law, L. 1909, c. 243, by six years. (The sole change effected by the 1954 amendment, L. 1954, c. 80, was a grammatical change in the last clause.) In the circumstances envisioned by the School Law section, the reinstated teacher would be a "lame duck" employee for the balance of the contract term, with no prospect of reemployment. The object of the section is to enable the local board to avoid the problems and embarrassments inherent in her continued presence in the school.
This, too, is the object of N.J.S.A. 18:13-11.1 applicable to the circumstances in which the teacher's "lame duck" status results from the exercise of the right reserved in the contract between the teacher and the board to terminate the employment on notice.
The question reserved in Thomas v. Bd. of Ed. of Morris Tp., County of Morris, 46 N.J. 581 (1966), affirming 89 N.J. Super. 327 (App. Div. 1965), is not involved in this case. In dealing with the contract of a superintendent of schools whose appointment may be for a term up to five years, N.J.S.A. 18:7-70, the court there said:
*489 "We reserve, however, the question whether mere execution of the three-year contract of employment entered into on August 18, 1961 between Thomas and the Board of Education, even if it had been a valid one, would have given tenure to Thomas."
We are not concerned here with an employee who may originally be appointed for a term in excess of the three-year period provided in the Tenure Law but with a teacher who may only be and was employed for successive one-year periods, N.J.S.A. 18:13-6.
Finally, we are satisfied that a teacher employed under annual contracts for the number of years of employment specified in the Teachers' Tenure Law is not to be deprived of her right to tenure because the local board, in violation of her employment contract, terminates her services and prevents her from teaching during the balance of the current annual contract period. Cf. City of Knoxville v. State ex rel. Hayward, 175 Tenn. 159, 133 S.W.2d 465, 469 (Sup. Ct. 1939).
In Knoxville the city's board of education had "elected" relator Hayward as a teacher for three consecutive school years, "the last of said elections being in April 1937, for the school year 1937-8." During the latter year she was dismissed because she had married on December 26, 1937. A regulation of the board prohibited the appointment of married women as teachers and equated marriage during employment to an "immediate resignation." A Tennessee statute granted tenure to teachers "who have been employed by the Board of Education of the City of Knoxville for the third year from the time of their appointment or employment," and prohibited the dismissal of tenure employees except for specified causes and after notice and a hearing.
In affirming a judgment ordering the board to restore relator as a teacher, the Supreme Court of Tennessee ruled that the dismissal was illegal because the statute did not list marriage as a cause for removal. The court then dealt with the board's further contention that because relator had been dismissed during the third year she had not been "employed *490 for the third year from the time of her appointment" as required by the tenure statute. The court's rejection of that argument is apposite to the instant case:
"It is true that relator was dismissed during her third year; but we construe the language of the statute as meaning the employment of a teacher for the third year from the time of his or her appointment, brings the teacher under the Act. The language of the Act is not that the teacher shall have served three years, but, on the contrary, the language is `employed * * * for the third year.'" (at p. 469)
The decision of the State Board of Education is affirmed.
GAULKIN, S.J.A.D. (dissenting).
In Thomas v. Bd. of Ed. of Morris Tp., County of Morris, 46 N.J. 581 (1966), affirming 89 N.J. Super. 327 (App. Div. 1965), the Supreme Court expressly reserved the question whether "mere execution" of a contract of employment to run for a period which would encompass tenure gives tenure to the employee, even though he is discharged before he has served the period fixed by statute. That appears to me precisely the question involved in the case at bar. My Brothers say, in effect, that "mere execution" gives tenure. I disagree.
It seems to me that tenure and contract are two different concepts; tenure is statutory and arises only by passage of the time fixed by the statute, and the discharge of an employee before the passage of the required time bars tenure, even if the discharge is in breach of an employment contract which, if not breached, would have extended to a date which would have given tenure. Cf. Zimmerman v. Board of Education of City of Newark, 38 N.J. 65, 73-74 (1962).
N.J.S.A. 18:13-16 provides that an "employing board" may fix a period shorter than three consecutive calendar years as giving tenure. Plaintiff does not argue that defendant meant to shorten her statutory three-year probationary period. However, my Brothers conclude that defendant inadvertently did so when it misinterpreted the cancellation clause in the *491 employment contract and consequently failed to exercise it in time. I contend that the contract was properly cancelled (subject to plaintiff's right to 60 days' salary) when the notice of cancellation was given but, even if the contract did not become legally terminated until 60 days after the notice of dismissal, the notice itself barred tenure.
N.J.S.A. 18:13-11 provides:
"When the dismissal of any teacher before the expiration of a contract entered into between the teacher and a board of education shall, upon appeal, be decided to have been without good cause, the teacher shall be entitled to compensation for the full term for which the contract was made; but it shall be optional with the board of education whether or not the teacher shall teach for the unexpired term."
The forerunner of this statute was passed in 1903 (L. 1903, 2d Special Session, c. 1, § 107), but it was amended in 1954 (L. 1954, c. 80, § 9). In addition, L. 1954, c. 80, § 10 added the following (N.J.S.A. 18:13-11.1):
"If the employment of any teacher is terminated on notice pursuant to a contract entered into between the teacher and the board of education, it shall be optional with the board of education whether or not the teacher shall teach during the period between the time of the giving of the notice and the date of termination of employment fixed therein."
All beginner teachers must be employed by written contracts, unless the board has adopted rules and regulations for their hiring and compensation, N.J.S.A. 18:13-5, 7, and "blanks" for such contracts are prepared and distributed by the Commissioner of Education for use by boards, N.J.S.A. 18:13-7. It seems to be agreed that such teachers are hired on an annual basis, allegedly because of N.J.S.A. 18:13-6, although I am not sure that statute forbids longer contracts. This being the practice, it would follow from the position taken by my Brothers that if a beginner teacher is hired under a contract which contains no cancellation clause and which runs to a date beyond the date at which he would *492 achieve tenure, he could not be dismissed before the tenure date even if the board tendered his salary to the end of the contract period, pursuant to N.J.S.A. 18:13-11.
I disagree with that construction. Although the forerunner of N.J.S.A. 18:13-11 was passed before the Tenure Act was adopted, for some purpose which then had no relation to tenure, the fact of the matter is that the Legislature, in 1954, amended section 11 and added 11.1. I think it is fair to assume that the Legislature then must have been cognizant of the usefulness of these sections to boards of education to avoid tenure before the time periods fixed by the statute. In any event, sections 11 and 11.1 are now integral strands of the entire web of tenure acts.
If the contract contained no cancellation clause, and the board elected not to permit the teacher to teach beyond the date of notice of dismissal, it seems to me the teacher would, at most, be entitled to his salary for the full term of the contract, but not to tenure. If I am correct in this, I see no reason why the result should be different when the contract contains a cancellation clause but the board's notice of dismissal is not given in accordance with the cancellation clause. Suppose the board had simply discharged plaintiff and not even offered her the 60 days' pay? It seems to me that she would then be entitled to the 60 days' pay, under section 11, or, at most, damages for the breach of the contract, but not to tenure.
My Brothers cite City of Knoxville v. State ex rel, Hayward, 175 Tenn. 159, 133 S.W.2d 465, 469 (Sup. Ct. 1939). However, it seems to me the Tennessee statute was different than N.J.S.A. 18:13-16(a). The Tennessee statute gave tenure to teachers who "have been employed * * * for the third year," which the Tennessee Supreme Court construed to mean two academic years plus hiring for the third year. Our N.J.S.A. 18:13-16(b) is similar to the Tennessee statute, in that it gives tenure "after employment for 3 consecutive academic years together with employment at the beginning of the next succeeding academic year." But N.J. *493 S.A. 18:13-16(a) provides that there shall be no tenure until "after the expiration of a period of employment of 3 consecutive calendar years * * *."
Finally, I find nothing in the contract which justifies the conclusion reached by my Brothers that the dismissal was not effective on the date the notice of dismissal was given. If this were a dispute arising out of the breach of the contract itself in which the question of the date of termination of the contract became important, it might be held that the termination was not effective until 60 days after the notice of dismissal was given. Examples of such cases are those involving cancellation of insurance policies or similar contracts, and see Larstan Industries, Inc., v. Res-Alia Holding Co., 96 N.J. Super. 37 (App. Div. 1967). But here we are concerned not with the contract or its breach, but with the status of the plaintiff  i.e., tenure. It seems to me that the dismissal immediately stopped the running of the time to tenure. The burden of proving the right of tenure is upon plaintiff and ordinarily that right must be clearly proved. I do not think a municipality should be trapped into tenure by the construction of words which neither party expected to have that meaning.
For the foregoing reasons, I would reverse and enter judgment for defendant.