GLADYS M. CANFIELD, PETITIONER - RESPONDENT, v. BOARD OF EDUCATION OF THE BOROUGH OF PINE HILL, RESPONDENT - APPELLANT.

Argued March 5, 1968—Decided April 1, 1968.

*Mr. Frank E. Vittori* argued the cause for appellant (*Messrs. Piarulli and Vittori,* attorneys).

*Mr. Cassel R. Ruhlman, Jr.,* argued the cause for respondent.

PER CURIAM. The judgment is reversed for the reasons expressed in the dissenting opinion of Judge Gaulkin in the Appellate Division, 97 *N. J. Super.* 483.

JACOBS, J. (dissenting) : The plaintiff Gladys M. Canfield is a duly certified teacher who was originally employed as such by the Pine Hill Board of Education on November 19, 1962. So far as the record before us indicates, she performed her assigned duties to the Board's satisfaction and her contract was renewed annually for the three ensuing school years 1963-64, 1964-65 and 1965-66. Each of the contracts contained a notice of termination clause in the form prepared and distributed by the State Commissioner of Education pursuant to *R. S.* 18:13–7. Thus the 1965-66 contract provided that it could be terminated by either party upon giving "60 days' notice in writing of intention to terminate."

When the 1965–66 school year began, the plaintiff knew that by November 19, 1965 she would have actually served three full academic years. And when September 20, 1965 had passed, she also knew that her employment could not be terminated by the Board until a later date which would unmistakably satisfy the literal terms of the legislative mandate that a teacher shall have tenure "after employment, within

a period of any 4 consecutive academic years, for the equivalent of more than 3 academic years." *R. S.* 18:13–16. The recent revision of the Education Law carries forth the same thought by providing for tenure "after employment in such district or by such board for * * * (c) the equivalent of more than three academic years within a period of any four consecutive academic years." *R. S.* 18A:28–5. On November 15, 1965 the Board, without any forewarning, as its counsel advised at oral argument, notified the plaintiff that it was terminating her teaching contract "to take effect immediately," giving her two months' pay.

The Board's abrupt conduct violated not only the elemental decencies of the relationship but the very terms of its contractual undertakings. It had expressly agreed in each of the four contracts that it would give the designated number of days' notice before it would terminate. This agreement was a customary and reasonable one which had the full approval of the State Commissioner. It was designed to further wholesome policies of the school laws and, while assuring fair notice to the Board and continuance of the employment for the designated period when the teacher sought to terminate, it equally assured to the teacher such notice and continuance of the employment when the Board sought to terminate. See 6 *Corbin, Contracts* § 1266, *p.* 66 (1962). Although *R. S.* 18:13–11.1, which provides that between the notice and the termination the Board shall have the option as to whether the teacher shall continue to teach, applies broadly to nontenure instances, it is not part of and has no relation to the tenure provisions of the school laws (*R. S.* 18:13–16; *R. S.* 18A:28–5) and has no significant bearing here. See *Canfield v. Bd. Edu. of Borough of Pine Hill,* 97 *N. J. Super.* 483, 488 (*App. Div.* 1967).

Tenure is designed to aid in the establishment of a competent and efficient school system by affording to teachers a reasonable measure of security after a reasonably fixed probationary period. With this goal in mind, the provisions of the Tenure Act should be construed and administered fairly

and sensibly rather than harshly. See *Bd. of Ed. of Manchester Tp., Ocean County v. Raubinger,* 78 *N. J. Super.* 90 (*App. Div.* 1963). Here the Board had extensive and timely opportunity to determine the teacher's qualifications and performance. It gave her four separate contracts in consecutive school years, apparently all without any adverse intimations. When it ultimately decided to terminate her employment, it attempted to do so in a manner which was clearly impermissible under the contractual terms and at a belated time when, according to the administrative interpretations of the State Commissioner and the State Board of Education, it could no longer preclude her tenure. *Cf. Mateer v. Board of Education of Fair Lawn* 1950–51 *S. L. D.* 63, 65, affirmed, 1951–52 *S. L. D.* 62. Those interpretations should be given weight (*State v. LeVien,* 44 *N. J.* 323, 330 (1965)) and any ambiguity which might be said to inhere in the tenure provisions should be resolved in favor of the clear administrative understandings and the strong equities of the situation. I agree essentially with the majority opinion in the Appellate Division (*Canfield v. Bd. Edu. of Pine Hill, supra,* 97 *N. J. Super.* 483) and therefore vote to affirm.

*For reversal* — Chief Justice WEINTRAUB and Justices FRANCIS, PROCTOR, HALL, SCHETTINO and HANEMAN—6.

*For affirmance* — Justice JACOBS—1.