261 N.J. Super. 549 (1993)
619 A.2d 621
DOROTHY KLETZKIN, PETITIONER-RESPONDENT,
v.
BOARD OF EDUCATION OF THE BOROUGH OF SPOTSWOOD, MIDDLESEX COUNTY, RESPONDENT-APPELLANT.
Superior Court of New Jersey, Appellate Division.
Argued December 16, 1992.
Decided January 22, 1993.
*550 Before Judges KING, BRODY and LANDAU.
Philip H. Shore argued the cause for appellant (Shore & Zahn, attorneys; Mr. Shore of counsel and on the brief; and John B. Wolf, on the brief).
Arlene Goldfus Lutz, Deputy Attorney General, argued the cause for respondent State Board of Education (Robert J. Del Tufo, Attorney General, attorney for respondent; Mary C. Jacobson, Deputy Attorney General, of counsel; Ms. Lutz, on the brief).
Stephen B. Hunter argued the cause for respondent Dorothy Kletzkin (Klausner, Hunter & Cige, attorneys; Mr. Hunter of counsel and on the brief, Lawrence Van Wess, on the brief).
Donna M. Kaye argued the cause for amicus curiae New Jersey School Boards Association (Sheila Dow Ford, Director, Legal Department New Jersey School Boards Association; Ms. Ford and Ms. Kaye, on the brief).
The opinion of the court was delivered by LANDAU, J.A.D.
The Spotswood Board of Education (Spotswood) appeals from a final decision of the New Jersey State Board of Education (Board) which modified but affirmed the Commissioner of Education's holding that petitioner-respondent, Dorothy Kletzkin, was terminated in violation of her teacher's tenure rights under N.J.S.A. 18A:28-5. Amicus Curiae, the New Jersey School Boards Association (NJSBA) supports Spotswood's contention that Kletzkin's employment cannot be deemed to have continued for tenure purposes during her involuntary leave of absence under N.J.S.A. 18A:30-2.1.
*551 Kletzkin was first employed by Spotswood as a learning disabilities teacher consultant on January 13, 1986. She was reclassified as a school psychologist on October 22, 1986, serving in that capacity for the remainder of the 1986-1987 school year and through the 1987-1988 school year. She was reemployed for the 1988-1989 school year and worked actively until November 17, 1988 when a work-connected injury forced her to take the involuntary leave. As provided in N.J.S.A. 18A:30-2.1, she continued to receive full salary.
On April 11, 1989, prior to Kletzkin's return to service, but after expiration of three academic years (30 months) within four consecutive academic years[1], Spotswood terminated her employment. The Commissioner of Education responded favorably to Kletzkin's administrative challenge, holding that in sickleave situations, a case-by-case subjective approach to statutory tenure requirements was appropriate, that Spotswood had ample opportunity to evaluate Kletzkin during the twenty-eight months of active service prior to her injury, and that affording her tenure was consistent with the protection for work-injured employees contemplated by N.J.S.A. 18A:30-2.1.
The Board's affirmance declined to approve utilization of subjective factors on a case-by-case basis to afford tenure, but held that as Kletzkin continued to be contractually employed and receiving full salary under N.J.S.A. 18A:30-2.1, she met the plain and unambiguous requirement of "employment" under N.J.S.A. 18A:28-5 and became tenured on January 14, 1989 because no prior notice of termination was issued.
Spotswood and NJSBA say that the conditions of N.J.S.A. 18A:28-5(c) were not met and that the Board's interpretation of that statute unreasonably constricts the rights of local boards of education to observe and evaluate probationary teachers for *552 the full probationary period.[2] We disagree and affirm, substantially for the reasons set forth by the Board in its decision dated February 5, 1992.
We note that the effect of this holding upon a local school board, hesitant to grant tenure to a work-injured employee on involuntary leave, is simply to require that timely notice of dismissal or non-renewal must be given before expiration of the N.J.S.A. 18A:28-5 tenure period. The holdings in Zimmerman v. Newark Bd. of Educ., 38 N.J. 65, 183 A.2d 25 (1962), cert. den., 371 U.S. 956, 83 S.Ct. 508, 9 L.Ed.2d 502 (1963) and Carroll v. State Bd. of Educ., 8 N.J. Misc. 859, 152 A. 339 (Sup.Ct. 1930), that the period of employment does not begin to run for tenure purposes until actual performance of service has commenced, remain unchanged. Similarly unchanged is the holding in Canfield v. Bd. of Ed. of Pine Hill, 51 N.J. 400, 241 A.2d 233 (1968) (adopting Judge Edward Gaulkin's dissent in Canfield v. Bd. of Ed. of Pine Hill, 97 N.J. Super. 483, 487, 235 A.2d 470 (App.Div. 1967)), that even where a contract requires the employee to be retained beyond the tenure date, a timely prior notice of dismissal precludes tenure. (See also N.J.S.A. 18A:27-9).
We agree with the Board that this case may properly be distinguished from our officially unreported decision in Stachelski v. Bd. of Ed. of the Bor. of Oaklyn, A-1144-79, decided April 10, 1981, (Printed at 1981 S.L.D. 1493), certif. den., 88 N.J. 493, 443 A.2d 707 (1981). There we held that a teacher's voluntary one-year maternity leave broke "the seam of employment" for tenure purposes. Referring to N.J.S.A. 18A:30-2.1 which applies in the present case, the Board here recognized, in effect, a legislative policy that work-injured employees should not lose the benefit of statutorily provided rights by reason of *553 an involuntary work-connected leave, absent a clearly enunciated legislative declaration.
Were we to adopt the interpretation of N.J.S.A. 18A:28-5 contended for by Spotswood and NJSBA, a teacher injured on the job during a third year of satisfactory performance, and unable to perform service during the consecutive year because of that injury, would necessarily lose all credit toward tenure of the prior service. Even if the school board desired to grant tenure upon the teacher's completion of 30 months of aggregate service, the consecutive chain of employment would have to be deemed broken, albeit involuntarily and as the result of performing services for the employer. We are unwilling to read such an intent into the statute absent a definitive expression by the legislature. We conclude that the Board reasonably interpreted N.J.S.A. 18A:28-5 to provide that Kletzkin's employment continued while receiving full salary under N.J.S.A. 18A:30-2.1.
Such final decisions on tenure questions will not be upset unless unreasonable, unsupported by the record or violative of the legislative will. Capodilupo v. W. Orange Tp. Educ. Bd., 218 N.J. Super. 510, 515, 528 A.2d 73 (App.Div.), certif. den. 109 N.J. 514, 537 A.2d 1300 (1987). "[T]he Tenure Act should be liberally construed to achieve its beneficent ends." Spiewak v. Rutherford Bd. of Educ., 90 N.J. 63, 74, 447 A.2d 140 (1982). Moreover, as the agency ultimately charged with implementation of the school laws, the Board's statutory interpretation is entitled to considerable weight, where not inconsistent with the statute and in harmony with the statutory purpose. Bassett v. Bd. of Ed. of Oakland, 223 N.J. Super. 136, 142, 538 A.2d 395 (App.Div. 1988).
While courts must have the final say in legal interpretation of a statute, Mayflower Securities v. Bureau of Securities, 64 N.J. 85, 93, 312 A.2d 497 (1973), we conclude that the Board's interpretation of N.J.S.A. 18A:28-5 is reasonable, and does not *554 violate the legislative will as presently expressed. Accordingly, we affirm.
NOTES
[1] Under N.J.S.A. 18A:28-5(c), tenure is achieved after employment for the equivalent of more than three academic years within a period of any four consecutive academic years.
[2] In this case, however, no further evaluation could have been made or intended, as Kletzkin was terminated before she was able to return to active duty.