NOT FOR PUBLICATION WITHOUT THE
APPROVAL OF THE APPELLATE DIVISION

SUPERIOR COURT OF NEW JERSEY
APPELLATE DIVISION
DOCKET NO.  A-1730-12T3

STEPHANIE PLATIA,

    Petitioner-Appellant,

v.

BOARD OF EDUCATION OF
THE TOWNSHIP OF HAMILTON,
MERCER COUNTY,

    Respondent-Respondent.

> **APPROVED FOR PUBLICATION**
>
> **January 29, 2014**
>
> **APPELLATE DIVISION**

---

Argued December 17, 2013 — Decided January 29, 2014

Before Judges Fisher, Espinosa and Koblitz.

On appeal from the New Jersey Commissioner of Education, Docket No. 206-7/11.

Edward A. Cridge argued the cause for appellant (Mellk O'Neill, attorneys; Arnold M. Mellk, of counsel; Mr. Cridge, on the brief).

Sanmathi Dev argued the cause for respondent Board of Education of the Township of Hamilton (Capehart & Scatchard, P.A., attorneys; Ms. Dev and Joseph F. Betley, on the brief).

John J. Hoffman, Acting Attorney General, attorney for respondent Commissioner of Education (Lauren A. Jensen, Deputy Attorney General, on the statement in lieu of brief).

The opinion of the court was delivered by

ESPINOSA, J.A.D.

Stephanie Platia was employed as a special education teacher by the Board of Education of Hamilton Township (Board) for more than three academic years in a four-year period. However, the Board denied that she obtained tenure under the Tenure Act, N.J.S.A. 18A:28-1 to -18, because her employment for one of those academic years was as a "Long Term Substitute" pursuant to a contract that stated the position was "non-tenurial." In this, her appeal from a final decision of the Commissioner of Education, we consider the application of the "temporary" employee exception to the Tenure Act, N.J.S.A. 18A:16-1.1. We conclude the exception does not apply and that Platia obtained tenure as of right.

I.

Platia was hired by the Board to serve as a full-time special education teacher at Greenwood Elementary School in Hamilton Township, effective January 28 to June 30, 2008. She was rehired to serve in the same position for the next two academic years, 2008-09 and 2009-10. According to the Board, Platia was not offered a contract for the 2010-11 academic year "based on reasons of economy."

However, in July 2010, the Board offered Platia a new contract to serve in the position of "Long Term Substitute" as a

special education teacher at the Mercerville and Lalor Schools, effective September 1, 2010, to June 30, 2011. That contract included the following notice:

> You are replacing an employee who is on a leave of absence and who may be returning to his/her position at the expiration of this contract. This position is non-tenurial and carries no seniority eligibility. You will be assigned to the Substitute Teacher List if no position is available at the expiration of this contract.

Platia signed the contract and accepted the position. When Platia inquired about her status regarding tenure, she was informed:

> Tenure is not accruable as a Long term Substitute. Tenure is gained in a full-time position — it is equal to 3 years and 1 day — a[nd] must be within a 4 year period — 1 full year as a long term substitute would make a tenure clock start over again.

In April 2011, the Board notified Platia it would be unable to offer her a contract for the 2011-12 academic year because funding for the position she held would expire at the end of June 2011. The Board added that it was "reviewing . . . staffing needs for the 2011-2012 school year" and would contact Platia if its needs changed and her services were desired.

In July 2011, Platia filed a verified petition with the Commissioner of Education seeking, among other relief, an order that would direct and compel the Board to recognize her as a

tenured employee and restore her to the teaching position she previously held.[1]  The Board filed an answer in which it denied Platia had acquired tenure.  The matter was transferred to the Office of Administrative Law as a contested case.  Both Platia and the Board moved for summary decision.  Following oral argument, the Administrative Law Judge (ALJ) issued an initial decision on September 17, 2012, granting the Board's cross-motion for summary decision and dismissing Platia's appeal.  Thereafter, the Commissioner adopted the ALJ's Initial Decision as the final decision of the Department of Education.

Both the ALJ and the Commissioner viewed the question as whether Platia filled a permanently vacant position or one that was temporarily vacated by a teacher who intended to return.  The Commissioner agreed with the ALJ that Platia was not entitled to tenure credit during the 2010-11 academic year because "she filled a position resulting from a leave of absence, not a permanent vacancy."  The Commissioner noted further that, pursuant to N.J.S.A. 18A:16-1.1, the Board was "authorized to designate a person" who would "act in the place of an employee during a leave of absence" but not acquire tenure credit for that employment.

---

[1]  Platia concedes that if she were restored to a tenured teaching position, her employment would remain subject to a reduction in force.  See N.J.S.A. 18A:28-9.

Our review in an appeal from a final decision of an administrative agency is limited. Circus Liquors, Inc. v. Governing Body of Middletown Twp., 199 N.J. 1, 9 (2009). However, the issue presented here calls for the interpretation of the Tenure Act and the exception for temporary employees, N.J.S.A. 18A:16-1.1. Such interpretation "is primarily the role of the judiciary and is not an administrative function." Krayniak v. Bd. of Trs., 412 N.J. Super. 232, 237 (App. Div. 2010). As a result, the Commissioner's interpretation of the statutes is not entitled to our deference.

## II.

"The right to tenure is created and governed entirely by statute." Merlino v. Borough of Midland Park, 172 N.J. 1, 8 (2002) (quoting Breitwieser v. State-Operated Sch. Dist., 286 N.J. Super. 633, 637 (App. Div. 1996)). The Tenure Act "defines the conditions under which teachers are entitled to the security of tenure." Spiewak v. Bd. of Educ., 90 N.J. 63, 72 (1982). Tenure becomes a "mandatory term and condition of employment" for "all teaching staff members[2] who work in positions for which

---

[2]  "Teaching staff member" is defined in N.J.S.A. 18A:1-1 as "a member of the professional staff of any district or regional board of education . . . holding office, position or employment of such character that the qualifications, for such office, position or employment, require him to hold a valid and effective standard, provisional or emergency certificate,
(continued)

a certificate is required, who hold valid certificates, and who have worked the requisite number of years . . . unless they come within the explicit exceptions in N.J.S.A. 18A:28-5 or related statutes such as N.J.S.A. 18A:16-1.1." Id. at 72, 81.

Because a "legislative source for tenure rights is essential," Lukas v. State of New Jersey, 103 N.J. 126, 128 (1986), the right to tenure accrues only when there is "compliance with the precise conditions articulated in the relevant legislative enactment." Merlino, supra, 172 N.J. at 8; see also Picogna v. Bd. of Educ., 143 N.J. 391, 400 (1996); Zimmerman v. Bd. of Educ., 38 N.J. 65, 72 (1962), cert. denied, 371 U.S. 956, 83 S. Ct. 508, 9 L. Ed. 2d 502 (1963). Thus, actual service of the time specified in the statute is a necessary prerequisite to the right to tenure. Tenure will not accrue for an employee discharged before that time requirement is satisfied, even if the discharge is in breach of an employment contract.[3] Picogna, supra, 143 N.J. at 401-02;

---

(continued)
appropriate to his office, position or employment, issued by the State Board of Examiners . . . ."

[3] In addition to the Tenure Act, the Board's power to dismiss is limited by the Fourteenth Amendment of the United States Constitution, the New Jersey Constitution, federal and state anti-discrimination laws, see Picogna, supra, 143 N.J. at 402; Zimmerman, supra, 38 N.J. at 70-71, and, presumably, by other

(continued)

_Canfield v. Bd. of Educ._, 51 _N.J._ 400 (1968), rev'g on dissent 97 _N.J. Super._ 483, 490-93 (App. Div. 1967). Similarly, when the statutory requirement calls for employment for a consecutive number of years, an interruption in service precludes satisfaction of the time requirement. _See_ _Merlino_, _supra_, 172 _N.J._ at 12.

Although compliance with the time requirement must be "absolute," _Merlino_, _supra_, 172 _N.J._ at 8, we are mindful of the Tenure Act's remedial purpose to "prevent[] school boards from abusing their superior bargaining power over teachers in contract negotiations," _Spiewak_, _supra_, 90 _N.J._ at 72, and the principle that it "should be liberally construed to achieve its beneficent ends." _Id._ at 74. Therefore, the Tenure Act "should not be interpreted to permit avoidance of tenure by manipulation of job titles." _Dugan v. Stockton State Coll._, 245 _N.J. Super._ 567, 573 (App. Div. 1991).

Pursuant to _N.J.S.A._ 18A:28-5(a), the services of teaching staff members employed prior to the 2012-2013 school year

> shall be under tenure during good behavior
> and efficiency and they shall not be
> dismissed or reduced in compensation except
> for inefficiency, incapacity, or conduct

(continued)
statutory provisions such as the Conscientious Employee Protection Act, _N.J.S.A._ 34:19-1 to -14.

unbecoming such a teaching staff member or other just cause . . . <u>after employment</u>[4] <u>in such district or by such board for</u>:

(1) Three consecutive calendar years, or any shorter period which may be fixed by the employing board for such purpose; or

(2) Three consecutive academic years, together with employment at the beginning of the next succeeding academic year; or

(3) The equivalent of more than three academic years within a period of any four consecutive academic years.

[<u>N.J.S.A.</u> 18A:28-5(a) (emphasis added).]

The Board does not allege any "just cause" such as "inefficiency, incapacity, or conduct unbecoming" for denying Platia tenure. <u>N.J.S.A.</u> 18A:28-5(a). It is further undisputed that Platia worked in a position for which a certificate is required and that she holds a valid certificate. The thrust of the Board's argument that Platia did not work the requisite number of years is that her employment as a "Long Term Substitute" fell within the exception in <u>N.J.S.A.</u> 18A:16-1.1.

If, however, Platia's year as a "Long Term Substitute" for the 2010-11 academic year is counted, she qualifies for tenure

---

[4] "Employee" is defined as including "the holder of any position or employment." <u>N.J.S.A.</u> 18A:1-1. "Employment" includes "employment in a position." <u>Ibid.</u> <u>N.J.S.A.</u> 18A:28-1 defines "position" as including "any office, position or employment."

pursuant to N.J.S.A. 18A:28-5(a)(3).[5]  See Kletzkin, supra, 136 N.J. at 277 ("[T]o obtain tenure" under N.J.S.A. 18A:28-5(a)(3)[6], a teacher must "be 'employed' for thirty months and one day over four academic years."); Spiewak, supra, 90 N.J. at 71-72, 84 (holding that a teacher qualified for tenure under this provision where she worked in a public school system from February 1976 through June 1979).  If, as the Board argues, that year may not be counted toward tenure, she does not satisfy the statutory requirements for tenure.

---

[5]  Platia was employed as a teaching staff member from January to June 2008 and for the academic years 2008-09 and 2009-10.  She argues that unless a tenure exception applies, she is entitled to tenure under N.J.S.A. 18A:28-5(a)(2).  However, she was not employed for "[t]hree consecutive academic years, together with employment at the beginning of the next succeeding academic year" because Platia's employment from January to June 2008 does not constitute employment for an academic year as defined by statute.  N.J.S.A. 18A:1-1 (An "academic year" is "the period between the time school opens in any school district or under any board of education after the general summer vacation until the next succeeding summer vacation."); see also Kletzkin v. Bd. of Educ., 136 N.J. 275, 277 (1994) ("An academic year runs for the ten months between September 1 and June 30 of the school year.").  Therefore, she did not satisfy the criteria set forth in N.J.S.A. 18A:28-5(a)(2).  See also Picogna, supra, 143 N.J. at 402 (To obtain tenure under relevant provision, "plaintiff was required to serve three consecutive calendar years on probation with defendant and then be reemployed by the Board for at least one day in a fourth year.").

[6]  At the time Kletzkin was decided, this provision was located at N.J.S.A. 18A:28-5(c).

The Board contends that Platia's employment as a "Long Term Substitute" fell within the exception in N.J.S.A. 18A:16-1.1, which provides, in pertinent part:

> In each district the board of education may designate some person to act in place of any . . . employee <u>during the absence, disability or disqualification of any such . . . employee</u>[.]
>
> . . . [N]o person so acting shall acquire tenure in the office or employment in which he acts pursuant to this section when so acting.
>
> [N.J.S.A. 18A:16-1.1 (emphasis added).]

To establish Platia's nontenurial status for purposes of N.J.S.A. 18A:16-1.1, the Board relies on Platia's contract for the 2010-11 school year, which stated that Platia would be "replacing an employee who is on a leave of absence and who may be returning to his/her position at the expiration of this contract." As a preliminary matter, we reject the notion that the language of the contract offered Platia for the 2010-11 academic year precludes consideration of that year's employment for tenure purposes. A teacher's right to tenure "never depends on the contractual agreement between the teachers and the board of education." Spiewak, supra, 90 N.J. at 77.

In Spiewak, the Boards of Education similarly negotiated contracts with special education teachers that characterized

their employment as temporary, precluding them from obtaining tenure notwithstanding their satisfaction of the time requirements of the Tenure Act. Id. at 67-72; see also Merlino, supra, 172 N.J. at 11 (applying Spiewak). The Court held that the teachers obtained tenure as of right because the statute made tenure after three years of service "a mandatory term and condition of employment." Spiewak, supra, 90 N.J. at 72. Once the teachers "fully satisfied the factual prerequisites of the statute, [they] achieved tenure regardless of any side agreements that they may have made renouncing their statutory rights." Merlino, supra, 172 N.J. at 11. The fact that the Legislature established a specific term of service for tenure to accrue "leaves no room for discretionary action, [and] negotiation on that term is fully preempted." Spiewak, supra, 90 N.J. at 76; see also Merlino, supra, 172 N.J. at 8 ("[S]tatutory terms and conditions of employment take precedence over any side agreement in contravention of the statute."). Moreover, the statutory right to tenure "may not be forfeited or waived." Spiewak, supra, 90 N.J. at 77.

## B.

We therefore turn to the question whether the exception regarding temporary employees set forth in N.J.S.A. 18A:16-1.1 applies. Our Supreme Court has instructed that this exception

11

"extends only to those who 'act in place of' another employee who is absent or disabled." Spiewak, supra, 90 N.J. at 74.

According to the Board, Platia was a "Long Term Substitute" for Michele Snyder for the 2010-11 academic year. However, the record fails to show that Snyder was "absent" from her employment or that Platia acted "in place of" her.

It is undisputed that Snyder remained a full-time employee of the Board throughout the 2009-10 and 2010-11 academic years. By letter dated July 16, 2009, the Board advised Snyder it had voted to "transfer" her to the position of "Special Education Literacy Resource Coach" at the Lalor School and Kuser School, effective for the academic year from September 1, 2009, to June 30, 2010. The position as literacy resource coach was part of a grant program funded by the New Jersey Department of Education. To work in this assignment, Snyder was required to hold the same instructional certificate issued by the Department of Education, State Board of Examiners, as that required to work as a special education teacher. See N.J.A.C. 6A:9-9.2(b)(5) and (6).

Even if Snyder's transfer were construed as an "absence," the record also fails to support the conclusion that Platia acted "in place of" Snyder. Prior to her transfer to the literary resource coach position in 2009, Snyder was assigned as a special education teacher at the Robinson School. For the

2009-10 academic year, when Snyder was "transferred" to her duties as a literary resource coach, Platia was employed as a full-time special education teacher at the Greenwood school, not as a "Long Term Substitute" and not at the Robinson School. The record does not reveal who, if anyone, assumed Snyder's duties at the Robinson School for 2009-10.

When Snyder's assignment as literary resource coach ended,[7] she returned to the position she held prior to the 2009-10 academic year, which had now been transferred to the Kuser School for the 2011-2012 academic year. Platia was never assigned to the Kuser School, either. From the time of her initial employment in January 2008 through June 2010, Platia was assigned to work as a special education teacher at the Greenwood School. Similarly, the "Long Term Substitute" contract did not assign her to the school where Snyder worked prior to her transfer to the literary resource coach position but, rather, to the Mercerville and Lalor Schools for the 2010-11 academic year.

---

[7] It is unclear from the record exactly when Snyder's assignment as literary resource coach ended. The Cooperative Grant Agreement that established the Special Education Literacy Resource Coach position states the grant program ran only through the 2009-10 school year, with a final report due on August 16, 2010. However, in answers to interrogatories, the Board asserted that the assignment was for a two-year grant position, which would mean that Snyder continued in that assignment for the 2010-11 academic year, the term of its "Long Term Substitute" contract with Platia.

The record therefore fails to support findings that Snyder was "absent" for the year in which Platia was hired as a "Long Term Substitute" or that Platia filled a position that was available by virtue of Snyder's "absence." Both of these criteria must be satisfied for the temporary employee exception in N.J.S.A. 18A:16-1.1 to apply. Because Platia was employed for the "equivalent of more than three academic years within a period of . . . four consecutive academic years," tenure was conferred upon her as of right pursuant to N.J.S.A. 18A:28-5(a)(3).

Reversed.

I hereby certify that the foregoing is a true copy of the original on file in my office.

CLERK OF THE APPELLATE DIVISION