**NOT FOR PUBLICATION WITHOUT THE
APPROVAL OF THE APPELLATE DIVISION**

This opinion shall not "constitute precedent or be binding upon any court."
Although it is posted on the internet, this opinion is binding only on the
parties in the case and its use in other cases is limited. R. 1:36-3.

SUPERIOR COURT OF NEW JERSEY
APPELLATE DIVISION
DOCKET NO. A-3002-16T4

DANELE STILL,

       Petitioner-Respondent,

v.

STATE-OPERATED SCHOOL DISTRICT
OF THE CITY OF CAMDEN, CAMDEN
COUNTY,

       Respondent-Appellant.

_____

Argued June 5, 2018 — Decided July 5, 2018

Before Judges Fisher, Sumners and Natali.

On appeal from the New Jersey Commissioner of
Education, Agency Docket No. 199-7/16.

Adam S. Herman argued the cause for appellant
(Adams Gutierrez & Lattiboudere, LLC,
attorneys; Derlys M. Gutierrez, of counsel and
on the briefs; Adam S. Herman, on the briefs).

Andrew L. Schwartz argued the cause for
respondent Danele Still (Schwartz Law Group,
LLC, attorneys; Andrew L. Schwartz and Robert
M. Schwartz, on the brief).

Gurbir S. Grewal, Attorney General, attorney
for respondent Commissioner of Education
(James M. Esposito, Deputy Attorney General,
on the statement in lieu of brief).

PER CURIAM

The State Operated School District of the City of Camden (District) appeals from a final agency determination of the Commissioner of Education (Commissioner) affirming the decision of Administrative Law Judge (ALJ) Susan M. Scarola. The Commissioner concluded that the District violated Danele Still's tenure rights when it failed to place her in a tenured teaching position after terminating her position of lead educator. We agree and affirm.

After serving as a third and fourth grade teacher for seven years, Still briefly left the District and was rehired as the technology coordinator. Still possessed the required standard teaching certificate for that position. The District's job description defined the technology coordinator job as a "tenured position" and required Still to provide "instructional support and assistance to staff members [to] integrat[e] technology into the curriculum."

For the next fourteen years, Still served as the technology coordinator until the District abolished the position. She was then reassigned as a fifth grade teacher and a week later accepted the position of lead educator, a job she held for two years. Still obtained the required provisional principal certificate for that title. Two years later, the District informed Still that it would

be terminating the lead educator position at the end of the academic year and she was not entitled to "bumping rights" or entitlements to other positions in the District.

She challenged her termination by filing a certified petition with the Commissioner. Shortly thereafter, Still accepted a non-tenured position in the District as the manager of school operations. Still's counsel advised the District that her acceptance of that position was without prejudice to the tenure claims pleaded in the petition.

The District moved to dismiss the petition on two discrete grounds. First, it contended that Still "did not accrue tenure under her elementary school teacher certificate due to her service in the abolished [t]echnology [c]oordinator position because it was a non-instructional position that required no classroom instruction commensurate with this certificate." In the alternative, the District maintained that Still relinquished any accrued tenure rights "when she accepted the [m]anager, [s]chool [o]perations position . . . a distinct non-tenured, non-certificated, non-teaching staff position." (emphasis added).

The Commissioner transferred the case to the Office of Administrative Law as a contested matter. In her written decision, the ALJ concluded that pursuant to N.J.S.A. 18A:28-5, Still accrued tenure as a technology coordinator because she "worked in a

position for which a teaching certificate was required, held the appropriate certificate, and served the requisite period of time."[1] Relying on the plain language of the statute, ALJ Scarola held that "when [Still] acquired tenure as technology coordinator, she also acquired tenure in all positions for which she was qualified under her instructional certificate" and noted that "since [Still] held an elementary school endorsement, she earned tenure in all elementary teaching positions." ALJ Scarola also determined that a certified teaching position need not have an instruction component to qualify for tenure as the statute imposed no such requirement. Finally, ALJ Scarola concluded that Still's acceptance of the manager of school operations position did not relinquish her tenure rights because Still was improperly terminated, accepted the position without prejudice to her tenure claims and she had an obligation to mitigate damages.

The District filed exceptions with the Commissioner. In addition to those arguments rejected by the ALJ, the District raised for the first time before the Commissioner an issue at the center of the appeal: that the position of technology coordinator is an "unrecognized" title pursuant to N.J.S.A. 18A:27-1, N.J.S.A

---

[1] Because the District introduced factual matters outside the pleadings, ALJ Scarola converted the District's motion to dismiss and Still's opposition as a motion and cross-motion for summary decision.

18A:27-4 and N.J.A.C. 6A:9B-5.5. As an unrecognized title, the District maintained that before Still could accrue tenure as the technology coordinator, the Executive County Superintendent (ECS) must approve the position and determine the necessary title and certification. According to the District, because there was no evidence of such approval, the ALJ erred in concluding Still accrued tenure.

The Commissioner rejected all of the District's arguments and adopted ALJ Scarola's decision as the final determination. In denying the District's exceptions, the Commissioner was "[un]persuaded by the [District's] reliance on unreported decisional law[] from over thirty years ago." As to the requirement that the ECS approve the technology coordinator position, the Commissioner held it was "inconsequential" to a determination of Still's tenure rights as neither the tenure statute nor the enabling regulations condition the accrual of tenure on ECS approval. Further, the Commissioner concluded that even if such approval was necessary "holding [Still] accountable in any way for the Board's administrative failure would contravene the principles of fairness and equity."

On appeal, the District claims the ALJ and Commissioner (1) improperly converted the motion to dismiss to a motion for summary decision and improvidently granted Still's cross-motion for

summary decision in the presence of genuine and material fact disputes; (2) incorrectly concluded that Still accrued tenure in the unrecognized technology coordinator position that did not have an instructional component; and (3) failed to conclude that Still relinquished any accrued tenure rights when she accepted the manager of school operations position. Notably, the District raises for the first time on appeal that Still also waived her accrued tenure when she accepted the lead educator position.

We begin with our standard of review. The test for granting a motion for summary decision before an administrative agency is largely the same as the test for granting motions for summary judgment under Rule 4:46-2. Contini v. Bd. of Educ., 286 N.J. Super. 106, 121 (App. Div. 1995). However, our review of an agency's summary decision differs slightly from our de novo review of a court's grant of summary judgment. Busciglio v. DellaFave, 366 N.J. Super. 135, 139 (App. Div. 2004). Although we employ a de novo standard of review to an agency's determination that there are no genuine issues of material fact, we aim to "give substantial deference to the interpretation an agency gives to a statute that the agency is charged with enforcing." St. Peter's Univ. Hosp. v. Lacy, 185 N.J. 1, 15 (2005) (quoting Smith v. Director, Div. of Taxation, 108 N.J. 19, 25 (1987)). Generally, we will affirm an agency's decision unless "there is a clear showing that it is

arbitrary, capricious, or unreasonable." J.B. v. N.J. State Parole Bd., 229 N.J. 21, 43 (2017) (quoting In re Herrmann, 192 N.J. 19, 27 (2007)). However, we are "in no way bound by [an] agency's interpretation of a statute or its determination of a strictly legal issue." L.A. v. Bd. of Educ., 221 N.J. 192, 204 (2015) (alteration in original) (quoting Dep't of Children & Families, Div. of Youth & Family Servs. v. T.B., 207 N.J. 294, 302 (2011)).

Based upon these standards, we are satisfied that the agency decision was reasonable and firmly based on the relevant statutory language and comports with common sense and logic. We affirm substantially for the reasons expressed in the ALJ's and Commissioner's written decisions. We add the following brief comments.

A right to tenure accrues only upon compliance with specific statutory conditions. Platia v. Bd. of Educ., 434 N.J. Super. 382, 388 (App. Div. 2014). An employee must clearly prove the right to tenure. Canfield v. Bd. of Educ., 51 N.J. 400 (1968). Tenure laws should be liberally construed in light of their remedial purpose. Spiewak v. Bd. of Educ., 90 N.J. 63, 74 (1982).

When interpreting a statute, our goal "is to ascertain the intent of the Legislature with reasonable certainty." No Illegal Points, Citizens for Drivers' Rights, Inc. v. Florio, 264 N.J. Super. 318, 323 (App. Div. 1993). The starting point of the

inquiry "is the language of the statute itself," <u>Marshall v. Klebanov</u>, 188 N.J. 23, 36-37 (2006), and "[a]ll terms in a statute should be accorded their normal sense and significance," <u>Velazquez v. Jiminez</u>, 172 N.J. 240, 256 (2002).

As the ALJ and Commissioner pointed out, the tenure statute is clear. In addition to the enumerated positions, "all teaching staff members employed . . . in the positions of teacher . . . <u>and such other employees as are in positions which require them to hold appropriate certificates</u> issued by the board of examiners . . . shall be under tenure." N.J.S.A. 18A:28-5(a) (emphasis added). Because it was undisputed that Still held an appropriate certificate for over fourteen years as the technology coordinator, she accrued tenure. Nothing in the statute or the enabling regulations supports the requirement urged by the District that the technology coordinator position must have an instruction component or be approved by the ECS before the holder of the position acquires tenure. The ALJ's and Commissioner's refusal to graft conditions onto the statute was eminently reasonable.

Likewise, there was nothing arbitrary or capricious about the Commissioner's legal conclusion, grounded in fairness and equity, that even if ECS approval was necessary, it was the District's responsibility, not Still's, to obtain it given Still had dutifully

worked for over fourteen years as the technology coordinator, described by the District as a tenured position.

The District's waiver arguments fare no better. It is well established that waiver is a "voluntary and intentional relinquishment of a known right" evidenced by a clear, unequivocal and decisive act from which an intention to relinquish the right can be based. Sroczynski v. Milek, 197 N.J. 36, 63-64 (2008) (quoting Knorr v. Smeal, 178 N.J. 169, 177 (2003)). A waiver is effective when a party possesses full knowledge of its legal rights and an intent to waive those rights. Sroczynski, 197 N.J. at 63. Also, the "intent to waive need not be stated expressly, provided the circumstances clearly show that the party knew of the right and then abandoned it, either by design or indifference." Knorr, 178 N.J. at 177.

Before the ALJ, the District based its waiver argument only on Still's acceptance of the manager of school operations position. Although the ALJ correctly acknowledged that an employee can, under certain circumstances, waive accrued tenure by accepting a non-tenured position, here, Still had already accrued tenure and was improperly denied the exercise of those rights. Second, she promptly filed an appeal and, on the day she accepted a position as manager of school operations, her counsel wrote to the District specifically reserving all of her rights. Under these

circumstances, it is clear that Still did not relinquish her rights "either by design or indifference." Ibid.

The ALJ and Commissioner also reasonably concluded that Still's acceptance of a non-tenured position was appropriate to mitigate her damages. It can hardly be characterized as arbitrary or capricious for the ALJ and Commissioner to decide that an employee improperly removed from a tenured position may engage in other meaningful employment while the contested matter is resolved. J.B., 229 N.J. at 43.

We decline to address the District's claim that Still abdicated her accrued tenure when she accepted the lead educator position as it was not raised before the ALJ or Commissioner. It is well settled that we will "not consider issues not raised below at an administrative hearing" unless they are of "public importance and will likely arise in the future." In re Stream Encroachment Permit, Permit No. 0200-04-0002.1 FHA, 402 N.J. Super. 587, 602 (App. Div. 2008); see also Nieder v. Royal Indem. Ins. Co., 62 N.J. 229, 234 (1973). This issue satisfies neither criterion.[2]

_____

[2] The District's reliance upon DiNapoli v. Bd. of Educ., 434 N.J. Super. 233 (App. Div. 2014) is misplaced as it is factually distinguishable. In DiNapoli, 434 N.J. Super. at 235, 239-40, the court reversed the finding of the Commissioner that the plaintiff retained tenure rights upon transferring from a secretarial tenured position, to a non-certified position, and then to a certified position. The court recognized that N.J.S.A. 18A:17-2

10

To the extent we have not directly addressed the balance of the District's arguments, we find them to lack sufficient merit to warrant discussion in a written opinion. R. 2:11-3(e)(1)(E).

Affirmed.

I hereby certify that the foregoing is a true copy of the original on file in my office.

CLERK OF THE APPELLATE DIVISION

---

authorizes tenure to be maintained while an employee serves in secretarial employment. Id. at 239. However, the court held that the statute does not "reflect a legislative design to provide secretaries, who have relinquished their positions for non-secretarial certificated employment, the right to retain tenure." Ibid. In contrast, the court recognized that N.J.S.A. 18A:28-6 "afford[s] tenure retention rights to teachers . . . notwithstanding promotion or transfer." Id. at 240.

First, as we have already held, Still's purported relinquishment of her accrued tenure as a result of her acceptance of the lead educator position was not raised before the ALJ or Commissioner. Further, we note that the record before the ALJ contains Still's unrebutted certified petition in which she states that she was promoted to lead educator and that the position required a principal certificate. Unlike the statute in DiNapoli, N.J.S.A. 18A:28-6 recognizes Still's right to retain tenure upon her acceptance of the lead educator position. See DiNapoli, 434 N.J. Super. at 240.

A-3002-16T4